## HERBERT *v.* STANFORD.

APPEAL from the *Lagrange* Court of Common Pleas.

*Wednesday, June 15.*

PERKINS, J.—In *June*, 1857, *James Herbert* contracted to convey to *Bradford Stanford*, a tract of land in *Indiana*, on the payment, by the latter to the former, of 800 dollars, in the manner and at the time specified. The contract of sale was effected by *Herbert* through fraud; and he received upon it, a payment in certain specific articles, at a price agreed upon by the parties. *Stanford* soon afterwards discovered the fraud, failed to take possession of the land, and sued to rescind the contract and recover back the amount he had paid. He recovered.

It is objected that he could not maintain this suit without first giving notice of his intention to rescind. This is a mistake. The cases of *McQueen* v. *The State Bank*, 2 Ind. R. 413, and *Pope* v. *Wray*, 4 M. and W. 451, are in point.

Had the contract been executed in whole or in part by *Herbert*—that is, had *Stanford* received any benefit or advantage from the contract, as a conveyance of the whole or part of the land, or rents or profits from the use and occupation of it, he might have been under the necessity of returning or offering to return, what he had received, and demanding back what he had paid. *Gatling* v. *Newell*, 9 Ind. R. 572. But having himself received nothing, he had nothing to return, and might rescind the contract at once, by bringing an action to recover back what he had paid, as for money obtained from him by fraud. *McQueen* v. *The State Bank*, and *Pope* v. *Wray, supra.*

May Term,
1859.

The defendant asked leave to prove that the specific articles paid on the contract were not worth the stipulated price. It was not proposed to prove that any fraud or misrepresentation had been made concerning them, but simply that the party, with full opportunity of inspecting and judging, had voluntarily fixed the price he would give for them at more than they were worth.

Had the articles been delivered without a stipulated price, or had there been fraud or warranty, the evidence offered might have been proper. But as, in the absence of these, the parties had agreed upon the value of the articles, less than the sum named in that agreement, could not be the proper measure of the value in this suit against the defrauding party. The evidence offered was properly rejected. *Cravens* v. *Kiser*, 4 Ind. R. 512.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*A. Ellison*, for the appellant.

*J. M. Flagg*, for the appellee.