[No. 2,470.]

## THOMAS A. TALBERT *v.* WILLIAM HOPPER AND CHARLES HEINRICH.

JUDICIAL NOTICE OF TERMS OF DISTRICT COURTS.—The Supreme Court will take judicial notice of the regular terms of the District Courts as fixed by statute, and also of the fact that they are authorized by statute (Stats. 1863–4, p. 118), to adjourn any general term in one county within their districts to a day certain within the time prescribed for the commencement of

the next term in the same county, provided such special term shall not interfere with any general term in such district.

ADJOURNED TERM OF DISTRICT COURT.—Where the general February Term of the Sixth District Court for Sacramento County must have commenced on February first and concluded prior to March fifteenth; and the general March Term of the same Court for Yolo County must have commenced on March fifteenth and concluded prior to April fifth; *held*, that under and by compliance with the Act of 1864, providing for adjourned terms (Stats. 1863–4, p. 118), such Court could hold a legal session in Sacramento County after March fifteenth, and up to April fifth.

PRESUMPTION IN FAVOR OF LEGALITY OF SESSIONS OF DISTRICT COURT.— Where it appeared from a record on appeal from a District Court for a certain county that the trial took place on a day subsequent to the regular general term in such county; *held*, that as by compliance with the statute of 1864, relative to adjourned terms (Stats. 1863–4, p. 118), such Court could be legally held at such time, it would be presumed, in the absence of any showing to the contrary, that it was legally held.

VESTING OF TITLE UNDER DEED UPON CONDITION PRECEDENT.—The instrument executed by John A. Sutter, Jr., to Brannan, Bruce, Graham, and Wetzlar, on June 20th, 1850, in reference to Sacramento and other property, was a deed upon condition precedent; and upon the performance of that condition, which was the payment of the purchase money, the title to the lands described vested in grantees.

EJECTMENT FOUNDED UPON TITLE.—Where a plaintiff relies upon title as the basis of his right to recover possession, and fails to establish his title, judgment is properly rendered against him.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

Ejectment for three building lots in the City of Sacramento. The deed from John A. Sutter, Jr., to Samuel Brannan, Samuel C. Bruce, Julius Wetzlar, and James S. Graham, referred to in the opinion, was, in form, a grant, bargain, and sale deed, coupled with a full power of attorney to take possession of and in his name to sell, twenty-two hundred building lots in the City of Sacramento, and various other property, the consideration for which, one hundred and twenty-five thousand dollars in all, was thereafter to be paid, one fifth on July 1st, 1850, one fifth on September 29th, 1850, and the balance on July 1st, 1851; and containing a provision and covenant that in case the said payments should

be made as stipulated, "then this instrument is to take effect as a full and complete conveyance in fee of all and singular the lands, tenements, hereditaments, appurtenances, and real estate, in the State of California, belonging to or in which the said party of the first part, his heirs, executors, administrators, or assigns is or are in any way entitled or interested; and the said party of the first part, for himself, his heirs, executors, administrators, and assigns, doth further covenant to and with the said parties of the second part, their heirs and assigns, that in case the said party of the first part, his heirs, executors, administrators, or assigns, in any way neglect or refuse to fulfill the above covenants made by the said party of the first part for himself, his heirs, executors, administrators, or assigns, then this instrument is to take effect immediately thereupon as a full and complete conveyance in fee of all and singular the lands, tenements, hereditaments, appurtenances, and real estate whatsoever and wheresoever in the State of California, belonging to or in which the said party of the first part, his heirs, executors, administrators, or assigns is or are in any way entitled or interested."

The cause was substantially the same as that of *Talbert* v. *Singleton*, reported *ante*, with which, and others, it was tried in the Court below, commencing on March 18th, 1869. There having been a judgment for defendants and motion for new trial overruled, plaintiff appealed.

*Heard & McConnell* and *Haymond & Stratton*, for Appellant.

*Robert C. Clark* and *Samuel Cross*, for Respondents.

By the Court, SPRAGUE, J.:

On the reopening of the original submission of this cause, appellant made and now urges the point that on the 18th day of March, 1869, and on the succeeding days, which by

the record is shown to have been the time when the cause was tried, the Sixth Judicial District Court for the County of Sacramento could have had no legal existence, except upon special conditions, and that the record in the case failing to show affirmatively the existence of these prerequisite conditions the trial is a nullity. This Court will take judicial notice of the regular terms of the District Courts, as fixed by statute, and also of the fact that by statute the several District Courts of the State are authorized to adjourn any general term of their Court in one county composing their district to a day certain within the time prescribed by law for the commencement of the next term for such county; provided such special term shall not interfere with a general term in such district. (Stats. 1863-4, p. 118.) The general terms of the District Court for Sacramento County are fixed by law to commence on the first Mondays of February, April, June, August, October, and December of each year; and for Yolo County, the only other county composing the Sixth Judicial District, on the third Mondays of March, July, and November of each year. The general February Terms of the Sixth District Court for Sacramento County must, therefore, be held commencing on the first Monday of February, and concluded before the third Monday of March in each year; and for the year 1869 such general term must have commenced on the first day of February, and have concluded at some time prior to the fifteenth day of March; and the general March Term of said Court for Yolo County must have commenced on the fifteenth day of March, and have concluded at some time prior to the first Monday or fifth day of April, the day fixed by law for the commencement of the general April Term for Sacramento County.

By the Act of March 1st, 1864, above referred to, it is provided as follows: "It shall be lawful for the District Court sitting in any county of this State, by an order

entered on its minutes, to adjourn the Court to a day certain within the time fixed by law for the commencement of the next term in such county, notwithstanding a term or terms for some other county within the same district may intervene; provided that such special term shall not interfere with any general term in said district."

It appears by the terms of this Act it was possible and entirely competent for the Sixth Judicial District Court to have been in session as such Court for the County of Sacramento on the 18th day of March, 1869, and to have continued such session as a legally constituted District Court for Sacramento County up to and including the 3d day of April, 1869, by a compliance with the provisions of the statute of March 1st, 1864. The general March Term of said Court for Yolo County, in the year 1869, must have commenced on the fifteenth day of March, and may have been finally adjourned before the eighteenth day of March. There is nothing in the record before this Court tending to show that the terms and conditions of this Act of March 1st, 1864, had not been fully answered; and in the absence of such showing by the record it must be presumed that what was done by the Court below was properly and legally done; that the prerequisite steps and conditions necessary to constitute a legal District Court in the County of Sacramento on the 18th day of March, 1869, had been taken and existed. Error is not to be presumed, but when alleged it must be affirmatively shown.

The instrument executed by John A. Sutter, Jr., to Brannan, Bruce, Graham, and Wetzlar, dated June 20th, 1850, was unquestionably a deed upon condition precedent, and upon full performance of the precedent condition, to wit: the payment of the purchase price agreed upon by the grantees to the grantor, his title to the lands described

therein vested in the grantees. The question of fact as to whether the purchase price was fully paid or settled by the grantees, to the satisfaction of and accepted by the grantor, prior to the 9th day of July, 1855, the date of the deed from the same grantor to William Mesick, through whom plaintiff claims title to the demanded premises, must have been found in the affirmative by the Court below. The record discloses no evidence upon this question, except the evidence of Julius Wetzlar, one of the grantees in the deed of June 20th, 1850; and I am not prepared to say that this evidence is insufficient to justify the finding. This deed of June 20th, 1850, included the premises in controversy; and the conditions thereof having been fully performed by the grantees named therein, to the satisfaction of the grantor, prior to the 9th day of July, 1855, the title vested absolutely in the grantees prior to that date; hence, on that date John A. Sutter, Jr., had no title in the demanded premises to convey to Mesick, through whom plaintiff claims. The plaintiff, therefore, having relied upon title as a basis of his right to recover the possession, and failed to establish his title, judgment was properly rendered against him.

Judgment affirmed.