D. A. WILLARD, PLAINTIFF IN ERROR, V. DYER FORD, DEFENDANT IN ERROR.

Specific Performance: RESCISSION. A purchased of B a certain lot, paying therefor $50 in cash, and agreeing in the deed as part of the consideration to erect a building of a certain description thereon. *Held*, That B was entitled to the performance of the contract and in case of the failure of A, after a reasonable time upon tendering back the money received, to a rescission.

ERROR to the district court for Nance county. Tried below before BARNES, J.

*M. V. Moudy,* for plaintiff in error.

*Harwood, Ames & Kelly,* for defendant in error.

MAXWELL, J.

This is an action to cancel a deed and rescind a sale of real estate. A demurrer to the petition was sustained in the court below and the action dismissed.

It is alleged in the petition, in substance, that the plaintiff being the owner of the town site of Genoa, in Nance county, laid the same off into lots and blocks, and caused the same to be platted and the plat thereof duly recorded; that in order to encourage the erection of buildings in said town, and for the purpose of enhancing the value of the lots therein, the plaintiff has sold and conveyed a large number of lots therein at from one-fourth to one-sixth of their value to various persons upon the promise that they would erect buildings thereon and become residents of said town; that on the 18th day of August, 1882, the plaintiff sold and conveyed to the defendant lot 5, in block 17 in said town, "for the consideration of $50 in money, and for the further consideration that the said defendant construct and erect upon said lot within three months from the date of said deed a business building, to be twenty-five feet wide and eighty feet long, and two stories high, as expressed and contained in a special covenant in said deed;" that the defendant caused the deed to be recorded, but has wholly failed, refused, and still refuses to erect said building, etc.; that on the 9th of January, 1883, the plaintiff caused the defendant to be notified to comply with the conditions of said deed by the erection of said building, but he then refused and still refuses to perform his said agreement;

wherefore the plaintiff tenders back the $50, and asks for a rescission, etc.

The rescission, cancellation, or delivering up of agreements, deeds, etc., is the converse of a specific performance. The right to relief originates in the fraud, which but for the interposition of the court would be perpetrated upon the complaining party. Willard's Eq., 302. Story's Eq. Juris., § 692 *et seq.*

Thus, in *Reid v. Burns*, 13 Ohio State, 49, where the plaintiff had caused the title to his homestead to be conveyed to his son in consideration that he would support him during life, which the son afterwards refused to do, it was held that the father was entitled to a rescission of the contract and a reconveyance of the premises.

And in *Stines v. Dorman*, 25 Id., 580, it was held that a stipulation in a deed of conveyance whereby the grantee, in part consideration for the conveyance, agreed that the premises should not be used or occupied as a hotel, it was held that this agreement bound both the grantee and all claiming under him.

It would be a reproach upon the law if a party could secure the title to real estate in consideration, in whole or in part, that he would erect certain buildings thereon, and upon receiving a conveyance refuse to perform his agreement. The law favors good faith and fair dealing. These require the defendant to erect the building in question according to his agreement, or in case of his failure to do so within a reasonable time submit to a cancellation of his deed. In a contract of this kind the court will look at the entire transaction and grant or withhold relief as the circumstances of the case may seem to require; but it will uphold fair dealing wherever it is possible to do so, and to that end will enforce specific performance of an agreement clearly proved, whenever an action for damages will not afford an adequate remedy. The petition sets forth an agreement with the defendant which he has refused to per-

37

form, the specific execution of which the plaintiff is entitled to. While the prayer of the petition is not in the alternative for a specific execution of the agreement *or* cancellation of the deed, yet sufficient appears to state a cause of action, and the prayer may be amended. The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.