## GEFKEN *vs.* GRAEF.

1. Where, in 1867, a husband and wife entered into a marriage settlement, by which property belonging to her was conveyed to a trustee for the joint use of herself and husband and such children as she might have, and at her death to go to her children, and subsequently she filed a bill, alleging that she and her husband then believed that such a deed was necessary to prevent the husband's marital rights from attaching, both being ignorant of the law then existing, which secured to her all of her property, and praying that the marriage settlement be set aside and cancelled, a court of equity had jurisdiction of the subject-matter, and whether its decree was proper or not, a verdict and judgment cancelling and setting aside the marriage settlement was binding on the parties and their privies until set aside in some of the modes provided by law.
2. To such a bill the minor children of the wife were proper parties.
(*a.*) Where some of the defendants to such a bill in equity resided out of the State, they could be served by publication, whether they were minors or not. Section 3263 (a) of the code applies only to minors resident within the State, and not to non-resident minors.
(*b.*) The court of equity having complete jurisdiction of the subject-matter and parties, the decree rendered was binding on the parties, and operated to vest a good title in the wife, and a subsequent purchaser from her could not resist a specific performance on the ground that this was a defect in the title.

November 9, 1886.

Equity. Jurisdiction. Husband and Wife. Marriage Settlement. Parties. Service. Vendor and Purchaser. Title. Before Judge ADAMS. Chatham Superior Court. June Term, 1886.

Reported in the decision.

LESTER & RAVENEL, for plaintiff in error.

CHARLTON & MACKALL, for defendant.

BLANDFORD, Justice.

Regina A. Graef exhibited her bill in Chatham superior court against her husband, Antoine Graef, and two of their minor children, who were with her husband in Germany, and two minor children who resided with her in Chatham county. The husband and two children, who were with him in Germany, were made parties by publication, and the two children, who resided with said Regina in Chatham, were served duly with the bill and subpœna. A guardian ad litem was appointed for all the infants. The bill alleged that a certain marriage settlement had been entered into between herself and husband, by which certain property which belonged to her was conveyed to a certain trustee to hold the same for the joint use of herself, husband and such children as she might have, and at her death, to her children; that the deed was executed in the year 1867; that she and her husband then believed that such a deed was necessary to prevent her husband's marital rights from attaching; and that' they were both ignorant of the law then existing, which secured to her all of her property; and she prayed that the deed of marriage settlement be cancelled and set aside. A verdict of a jury was rendered in her favor, and a decree was rendered cancelling and setting aside the deed of marriage settlement. Subsequently to this decree, Mrs. Regina Graef sold and bargained a certain tract of land, situate in the city of Savannah, and which land was embraced in said deed of marriage settlement, to John Gefken. Gefken refused to comply with his bargain and contract of purchase, and the present bill was filed by Regina Graef to compel Gefken to perform his contract of purchase, and a decree was rendered against him to compel a performance of his agreement of purchase by paying the purchase money. To this decree Gefken excepted, and he brings the case to this court for review.

The plaintiff in error insists that the decree annulling the marriage settlement is void on the ground that the court rendering the decree had no jurisdiction of the subject-matter and of the minor children and their father in Germany.

1. It is a peculiar and familiar principle that a court of equity has jurisdiction to set aside contracts and cancel and annul deeds of conveyance. The bill in question was filed for the purpose of cancelling a deed; this was the subject-matter of the bill, and the court, being a court of equity, exercising general chancery powers, had unquestionably jurisdiction of the subject of that litigation. Whether the court exercised it properly or not cannot now be inquired into by this court; the decree, whether properly rendered or not, is good and binding upon the parties thereto and their privies, until set aside in some of the modes provided by law.

2. Were the minor children of Mrs. Graef proper parties to the bill filed by her to cancel the deed of marriage settlement? They were interested in the property conveyed by the deed of marriage settlement, the property was settled to their use with their mother and father, and upon the death of the mother they were entitled to the property in fee. It is familiar law that all persons interested in the subject-matter of the suit in equity shall be made parties to the bill, and we have seen that the children of Mrs. Graef are so interested; it was proper that they should have been made parties defendant. The code, section 4185, enacts that if the defendant does not reside in this State, service of the bill or any order of the court may be made by publication. The language of the statute is, a defendant who resides out of the State, and it can make no difference that the defendant may be a minor; he may be served by publication as therein provided. The mode of service provided by section 3263(a) of the code applies only to minors resident within this State, and not to non-resident minors, who fall within the pro-

vision of section 4185 of the code. To hold otherwise would be to deprive a court of equity of the power to make proper parties and bring all persons interested in the subject-matter of the suit before the court, so that full and complete justice may be done between all the parties interested. So we think that all the parties were properly before the court, and the court had jurisdiction of them. The jurisdiction being complete as to the subject-matter and the parties, it must follow that the decree rendered was binding on the parties to said case, and operated to vest a good title in Mrs. Graef to the property which was sold to Gefken, and that there is no defect of title in Mrs. Graef which would authorize Gefken to resist a specific performance of the contract of sale which he entered into. Hence, it must follow that the court was right in decreeing a specific performance of the contract as against Gefken.

Judgment affirmed.