## WILEY J. LITTLEJOHN

*v.*

## CHICAGO, EVANSTON AND LAKE SUPERIOR RY. CO. *et al.*

*Opinion filed February 21, 1906.*

1. RAILROADS—*contract for deed to right of way stands on the same footing as other contracts for deeds.* An agreement with a railroad company for the conveyance of a right of way stands on the same footing as any other contract for conveyance.

2. SAME—*when contract for deed to right of way does not pass title.* A contract to deed a strip of land to a railroad company when it had complied with certain conditions specified and giving the railroad company the right to enter at once for the purpose of complying with the conditions, is a mere license giving the company the right of possession, only, and not title.

3. DEEDS—*intention must be clear to except property included in description from terms of grant.* To except property included in the description in a deed from the terms of the grant the intention to do so must be expressed in clear and certain terms.

4. SAME—*deed construed as not excepting right of way from grant.* A deed to described premises, including the portion in possession of a railroad as its right of way, reciting that it is made subject to the *agreement* for the right of way, "together with a reversionary right to the center of the streets around said premises, and to the portion used by said railway in case of the vacation of said streets or either of them, and in case the railway company should give up their right aforesaid," does not except the right of way from the terms of the grant.

5. CONTRACTS—*when agreement for right of way may be revoked.* An agreement giving a railway company possession of land for the performance of certain conditions and entitling the company to a deed to the land if the conditions were performed within a specified time is irrevocable up to the time when the conditions should be performed, but after that time, if the conditions have not been performed, the contract may be terminated and the license revoked by the owner or by those claiming through him. (*Sands* v. *Wacaser,* 149 Ill. 530, distinguished.)

6. SAME—*when right to declare forfeiture is not waived.* Failure of the owner of land to declare a forfeiture of a contract with a railroad company for a deed to a right of way when the time for performing the conditions had expired without any attempt by the railroad company to comply with the contract, and subsequently

permitting the company to take possession of the land for the purpose of performing the conditions, does not waive the owner's right to forfeit the contract for breach of conditions after the company has had ample time to perform.

7. REAL PROPERTY—*when law relating to estates upon condition subsequent does not apply.* The law in regard to estates upon condition subsequent has no application where a railroad company is in possession of land under agreement for a deed to the same, but has never had a deed and has not complied with the conditions of the agreement entitling it to demand a deed.

APPEAL from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding.

The appellant, Wiley J. Littlejohn, on June 16, 1903, brought an action of ejectment in the superior court of Cook county against Chicago, Evanston and Lake Superior Railway Company, Chicago, Milwaukee and St. Paul Railway Company, and Chicago and Milwaukee Electric Railway Company, appellees, to recover a strip of land 163.7 feet in width at the north end thereof and 111.2 feet in width at the south end, and about 324 feet in length, extending across the north half of lot 30, (except the north 256 feet thereof,) in Baxter's subdivision of the south section of the Ouilmette reservation, in township 42, north, range 13, east of the third principal meridian, in Cook county. A jury was waived, and the court, after hearing the evidence, found the defendants not guilty and rendered judgment against the plaintiff for costs. Littlejohn appealed to this court.

On June 26, 1886, Louesa Hill was the owner of the north half of said lot 30, except the north 256 feet thereof. On that date her husband, Benjamin Hill, executed and delivered to the Chicago, Evanston and Lake Superior Railway Company (hereinafter referred to as the railway company) the following agreement:

"In consideration of one dollar to me in hand paid by the Chicago, Evanston and Lake Superior Railway Company, the receipt whereof is hereby acknowledged, I, Ben-

jamin F. Hill, of Wilmette, Ill., hereby propose and agree to sell and convey to said railroad company, by a good and sufficient warranty deed, clear of all encumbrances, released of dower, and also to furnish a perfect abstract of title or certified copy thereof, the following real estate, situated in Cook county, State of Illinois, viz.: A strip of land one hundred and fifty (150) feet in width on the westerly side and one hundred feet in width on the easterly side of the line of said railway company's proposed right of way as surveyed and located through the north half (except the north 256 feet thereof) of lot twenty-nine (29) and the north half (except the north 256 feet thereof) of lot thirty (30), all in the subdivision of Baxter's share of Ouilmette reservation.

"Provided said railroad shall be constructed and in operation through the village of Wilmette within one year from date and said company shall locate and build a depot adjoining Hill street, in said village, at which all its suburban and local passenger trains shall stop.

"Deed to be delivered when road is built and in operation, but said company may enter upon said premises at once upon its acceptance of this proposition, for the purpose of constructing and operating its said railroad, at the price of one dollar to be paid to me by said company on the delivery of said deed. This proposition to be good and binding upon me, my heirs and assigns, if accepted by said company at any time within ninety days from date. Said real estate to be used by said company for its right of way and other railroad purposes in the construction and operation of its railroad," etc.

The railway company did not take possession of the strip in question until the fall of 1888. Before taking possession, an agent for the railway company asked Hill, in the presence of his wife, if the contract could be considered still in force, to which Hill replied in the affirmative. Soon after this conversation the railway company entered upon the land,

constructed a road-bed, laid tracks, and had trains in opera-
tion over this line on January 1, 1889. About a year later
it constructed fences on each side of the strip in question,
and built a depot on the north side of Hill street, just across
the street from the strip of land in controversy, which is
immediately south of Hill street and within the village of
Wilmette. The railroad was not constructed through that
village. It entered the village from the south-east and ex-
tended only a short distance north of the southern bound-
ary line, and lacked about two miles of going through the
village. Nothing further has been done by the railway com-
pany towards complying with the provision of the agree-
ment requiring it to construct and operate a railroad through
the village of Wilmette.

On August 1, 1890, Benjamin Hill and Louesa Hill, by
warranty deed, conveyed to Edward A. Burge the north half
of said lot 30, except the north 256 feet thereof. Immedi-
ately following the description the deed continues: "(This
conveyance is made subject to the agreement for right of
way to the Chicago, Evanston and Lake Superior Railway
Company across the easterly end of said premises,) together
with a reversionary right to the center of the streets around
said premises and to the portion used by said railway in
case of the vacation of said streets or either of them and in
case the railway company should give up their right afore-
said." On the same day the above deed was executed,
Burge, by warranty deed, conveyed to appellant, Littlejohn,
the same premises. The language above quoted from the
deed to Burge was also inserted in the deed to Littlejohn.

On June 4, 1903, Littlejohn made demand in writing
upon the defendants for possession of the strip of land in
question, and the demand not being complied with, on the
16th day of the same month he brought this suit.

Certain propositions of law were submitted to the supe-
rior court by the plaintiff, some of which were given and
others refused. These propositions of law presented the

questions whether the plaintiff had proved title in himself and whether the defendants had shown any title or right to possession.

ARND & ARND, for appellant:

The words in the deed following the description of the property conveyed are no portion of the granting part of the deed. *Lockwood* v. *Mills,* 39 Ill. 602.

Deeds are construed most favorably to the grantee. In case of doubt or ambiguity a familiar canon of construction would require the deed to be construed most favorably to the grantee. *Alton* v. *Transportation Co.* 12 Ill. 38; *Price* v. *McConnell,* 27 id. 255; *Cottingham* v. *Parr,* 93 id. 233; *Sharp* v. *Thompson,* 100 id. 447.

If a deed contain two·descriptions of land which do not coincide, the grantee is at liberty to elect that which is most favorable to him. *Railway Co.* v. *Tamplin,* 156 Ill. 285.

Exceptions and reservation should be construed most strictly against the grantor and most favorably to the grantee. 6 Am. & Eng. Ency. of Law, (2d ed.) 516.

An estoppel *in pais* cannot be invoked in an action of ejectment to defeat the legal title. *Blake* v. *Fash,* 44 Ill. 302; *Stock Yards* v. *Ferry Co.* 112 id. 384; *Railroad Co.* v. *Railroad Co.* 137 id. 9; *Wright* v. *Stice,* 173 id. 571; *Linnertz* v. *Dorway,* 175 id. 508; *Wakefield* v. *VanTassell,* 202 id. 41.

CHARLES B. KEELER, (GEORGE R. PECK, of counsel,) for appellees:

In ejectment plaintiff must recover upon the strength of his own title. If he cannot show legal title and right of possession in himself, he must fail as against a defendant in possession.

If defendants' right of way contract was forfeited by breach of any condition, the owner afterwards waived such forfeiture and ratified and confirmed defendants' possession

and rights by her deed of August 1, 1890, under which plaintiff claims. The language of her deed must be construed in the light of conditions then existing, of which plaintiff was bound to take notice. Conditions which go to defeat the contracts or deeds of parties are not favored in law, and courts will seize upon slight circumstances to prevent forfeitures. 3 Kerr on Real Prop. 1855, 1863, 1867; *Morgan* v. *Railway Co.* 96 U. S. 720.

Every part of a deed ought, if possible, to take effect and every word to operate. Effect must be given to each clause or term employed, and none should be rejected as meaningless. *Railway Co.* v. *Tamplin,* 156 Ill. 294.

Where the acts of the parties show that the condition upon which an agreement was to become void has been waived, the party in default will be excused from a compliance therewith, and the contract will be enforced as though it had contained no such condition. *Bock* v. *Slidell,* 1 La. Ann. 375; *Attix* v. *Pelan,* 5 Iowa, 336; 7 Am. & Eng. Ency. of Law, (2d ed.) 123.

In case of estates upon condition, the right to re-enter for a breach of such condition cannot be assigned. *Boone* v. *Clark,* 129 Ill. 502; *Nicoll* v. *Railway Co.* 12 N. Y. 121.

When the breach of a condition is once waived it is gone forever. 2 Washburn on Real Prop. 20; *Iron Co.* v. *Erie,* 41 Pa. St. 341; *Guild* v. *Richards,* 82 Mass. 326; *Andrews* v. *Lenter,* 32 Me. 397.

Where a railroad company is in possession under a right of way contract, although it has not strictly performed the conditions, yet if the owner accepts partial or incomplete performance and is satisfied therewith, the company may defend in ejectment as against a subsequent grantee of such owner who is charged with knowledge of the situation when he purchased. *Sands* v. *Wacaser,* 149 Ill. 530; *Turpin* v. *Railroad Co.* 105 id. 11; *Railroad Co.* v. *Hay,* 119 id. 493; *Sands* v. *Kagey,* 150 id. 114; *Railway Co.* v. *VanHoorebeke,* 191 id. 633.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Treating the agreement signed by Benjamin Hill as binding upon his wife, Louesa Hill, by reason of her acquiescence therein, but without determining whether it is in fact binding upon her, the first question presented for our determination is whether the deed from Louesa Hill to Burge, and that from Burge to Littlejohn, conveyed the legal title to the strip in question to the latter.

The position taken by appellees seems to be that the railroad company had acquired title to the strip by taking possession under the agreement with Louesa Hill, made through her husband, and that the only interest which Louesa Hill had in that strip at the time she delivered the deed to Burge was a reversionary interest, or a possibility of reverter in case the railway company should thereafter abandon the strip as a right of way. We cannot agree with this contention. An agreement with a railroad company for the conveyance of a right of way stands on the same footing as any other contract for the conveyance of land. (*St. Louis and Belleville Electric Railway Co.* v. *VanHoorebeke,* 191 Ill. 633.) The railway company did not obtain any title whatever by virtue of the agreement with Louesa Hill, and by the terms thereof would not be entitled to a conveyance of title until it had performed certain conditions precedent. It was by the agreement given a license to enter upon the land to construct a road-bed and lay tracks and operate its trains while complying with the conditions. Such license, however, gave right to possession only, and not title. It is clear that the legal title to the strip of land in the possession of the railway company had not passed from Louesa Hill up to the time she delivered the deed to Burge.

Appellees contend, however, that by her deed to Burge, Louesa Hill recognized title to the right of way in the railway company and excepted such right of way from the grant to Burge. This contention is based upon that part of the deed which grants to Burge a reversionary right to the

portion of the premises used by the railway company in case the railway company should give up its right of way. The conveyance, however, is not made subject to the right of way, but only subject to the agreement for right of way. In order to except property included in the description of a deed from the operation of the grant, the intention so to do must be expressed in clear and certain terms. We do not think the language used in the deed following the description of the premises clearly indicates an intention on the part of the grantor to except the right of way from the operation of the deed, or recognizes title in the railway company. The purpose which Louesa Hill evidently had in mind in mentioning the reversionary right, after conveying property by a description which included the strip occupied by the railway company, was to pass title to the strip in case the railway company should comply with the provisions of the agreement for right of way, receive a deed therefor and afterwards abandon such right of way.

It follows that the legal title to the strip in question passed to Littlejohn by his deed from Burge.

The only remaining question is whether the defendants proved their possession to be rightful. Other than the rights claimed to have been reserved to them by the deeds above mentioned, they rely solely upon the agreement with Louesa Hill, through her husband, and the rights thereby conferred. The rights conferred by the agreement were, first, a license to enter upon the land for the purpose of constructing a road-bed, laying tracks and operating trains while performing the conditions contained in the agreement; and second, the right to a deed upon performing such conditions. The license was irrevocable only during the time specified in the agreement for complying with the conditions. After the termination of such period, if those conditions had not been performed the license was revocable at the will of the licensor or her grantee. (*Kamphouse* v. *Gaffner*, 73 Ill. 453.) It is conceded by appellees that the condition requiring the

railroad to be constructed and operated through the village of Wilmette has not been performed. There was a breach of all the conditions of the agreement before the railway company went into possession as it did not take possession within one year from the date of the contract, and at law Louesa Hill, or the owner of the legal title claiming through her, had a right to terminate the contract at any time thereafter before the conditions had been complied with, and to revoke the license under which the railway company was in possession. Littlejohn terminated the contract and revoked the license on June 4, 1903, by making demand in writing upon defendants for the possession of the land. After such demand the possession of the defendants ceased to be rightful under the contract with Louesa Hill.

Appellees rely upon *Sands* v. *Wacaser,* 149 Ill. 530, and similar cases decided by this court, as showing their possession to be rightful. It will be observed upon examination of those cases that the conditions, the performance of which would entitle the railroad company to a deed for the premises, had all been complied with before any attempt was made to declare a forfeiture of the contract, the only contention being that the conditions had not been performed within the time specified by the contract. In such case it is held that the owner of the land, having permitted the railroad company to enter upon the land and perform the conditions after the expiration of the time specified by the contract, has waived the right to declare a forfeiture of the contract on account of the conditions not having been performed within such time, and that a subsequent grantee can not be heard to complain of *laches* which his grantor had waived.

Here, however, the railway company not only failed to comply with the conditions within the time fixed by the contract, but it failed to perform one of the conditions at all, although nearly seventeen years have elapsed since making the agreement. We do not think the failure of Louesa Hill

to declare a forfeiture of the contract at the expiration of the time fixed for performance was a waiver of the right in herself or her grantee to insist upon a performance of the conditions at some future time or to declare a forfeiture for non-performance. This case is, therefore, plainly distinguishable from those cited by appellees.

Appellees also argue that the railway company is seized of an estate upon condition subsequent. The conditions were plainly conditions precedent. The railway company, by the terms of the agreement, could not demand a deed until it had performed all such conditions, and as no such deed was in fact delivered to it, it never became seized of any estate whatever which the law recognizes. The law in regard to estates upon condition subsequent, sought to be applied by appellees, has no bearing upon this case.

The plaintiff proved title in himself. The defendants failed to prove any title whatever or any right to the present possession of the strip of land occupied by them. The judgment of the superior court will therefore be reversed and the cause will be remanded to that court for further proceedings in conformity with the views herein expressed.

                    *Reversed and remanded.*