W. E. MOSIER, AND THE FIRST NATIONAL BANK OF WALTER a *corporation,* v. MINNIE E. WALTER.

(Filed September 5, 1906.)

1. CANCELLATION—Pleading—Lack of Legal Remedy. In an action to cancel a deed, it is unnecessary to allege the lack of an adequate remedy at law, but the facts themselves should be pleaded from which that conclusion can be drawn.

2. SAME—Notice of Disaffirmation. In such case, where the acts of the defendant pleaded are of such a nature as to create a reasonable belief that he has abandoned the contract involved, the vendor may rescind, and bring his action without notice to the vendee to do so, and without pleading notice of disaffirmance in his petition.

3. SAME—Special Interrogatories. In an equitable proceeding for the cancellation of a deed, the jury sits merely in an advisory capacity to the court, and a party cannot complain of the refusal of the court to submit special interrogatories, as their submission or rejection by a court of equity lies solely within its sound discretion, and it may adopt or reject such as it deems proper, and no error can be predicated thereon, unless such discretion has been abused.

(Syllabus by the Court.)

20—Vol. 17

*Error from the District Court of Comanche County; before
F. E. Gillette, Trial Judge.*

*Parmentor & Myers,* for plaintiffs in error.

*McElhoes & Ferris,* for defendant in error.

Opinion of the court by

PANCOAST, J.:    This is an action seeking cancellation
of a deed from the defendant in error to the plaintiff in error,
Mosier.    On June 9, 1902, the defendant in error was the
owner of lots 29-30-31 and 32, in block 76, in the town of
Walter, Oklahoma.    In pursuance of an attempt to encourage
building in that portion of the town, for the purpose of lo-
cating as nearly as possible at that point the center of busi-
ness and increasing thereby the value of the remainder of
her property, the defendant in error, Mrs. Walter, entered
into a written contract with the Owl Drug Company, owned
by the plaintiff in error, Mosier and his wife, wherein it was
agreed that the said drug company would move its stock of
goods and business from the place then occupied by it to lots
owned by Mrs. Walter, in consideration for which Mrs.
Walter was to deed the lots to Mosier or the drug company,
provided such removal was accomplished on or before July
1, 1902, otherwise the contract to be null and void.

Some time during June of that year, Mosier represented
to Mrs. Walter that in order to comply with his contract,
and erect a building on the Walter lots, he would have to
have title to the tract in question, in order to enable him
to procure a loan, and with the proceeds erect a suitable
building.    Thereupon Mrs. Walter executed and delivered to
Mosier a warranty deed to the premises.    Mosier failed to
procure a loan, made no attempt to move his stock of drugs

or business known as the Owl Drug Company, as required of him, to the lots which Mrs. Walter had conveyed to him, but instead moved his business to another portion of the town and afterwards conveyed a portion of the lots to the First National Bank of Walter, which joins in this appeal.

On September 12, 1902, Mrs. Walter commenced this action, and later, on May 12, 1903, filed an amended petition, setting up, in substance, the above facts, alleging fraud on the part of Mosier, and pleading further that Mosier entered into the contract referred to with no intention of complying with its provisions, but for the sole purpose of acquiring title to the land described, and that the sale to him was without consideration. To this petition Mosier demurred, upon the general ground that it did not state facts sufficient to constitute a cause of action against him in favor of the plaintiff. The demurrer was overruled and exception saved.

On March 10, 1905, the First National Bank of Walter, also plaintiff in error, made application to be made a party defendant, alleging that on January 4, 1904, it purchased from Mosier and wife a portion of the lots in controversy. The bank and Mosier denied generally the allegations of plaintiff's petition, and upon the issues thus formed, a trial was had to a jury, which resulted in a verdict for the plaintiff, and a decree cancelling the deed to Mosier. From an order overruling motion for new trial, the bank and Mosier have appealed.

It is contended that the evidence did not justify the verdict and the judgment thereon. We have examined the record with much care, and are satisfied it is sufficient. There was evidence offered bearing on all matters essential to be proved, and this court will not disturb a verdict where

the jury had evidence upon which to found it, unless manifestly wrong, and that is not this case.

The overruling of the demurrer is also assigned as error, and the point is made that the petition · is defective in that it fails to allege that plaintiff has no adequate remedy at law, and also because notice of disaffirmance of the contract is not alleged therein.

It is not the better practice we think to plead the lack of an adequate remedy at law in so many words, particularly where a petition upon its face shows that an action at law will not suffice to restore the complainant to his original position and compensate him for the injuries he has sustained, the exercise by a trial court of its equitable jurisdiction will not be deemed erroneous because the inadequacy of the legal remedy is not specifically pleaded. The jurisdiction to cancel an instrument does not depend upon the inadequacy of the complainant's legal remedy, but is a matter of sound discretion in a court of equity, to be assumed or refused according to its own ideas of what is reasonable and right. I Story, Eq. Jur. Nos. 206, 692; *Jones v. Boles,* 9 Wall, 364; Pomeroy, Eq. par. 221, 911, 914, 1377; *Gefken v. Graef,* 77 Ga. 340; *Shaeffer v. Sleade,* 7 Blackf. (Ind.) 178.

Equitable jurisdiction, as a general rule, will not be exercised when the remedy at law, by way either of action or defense is adequate and plain, but in such a case as the one at bar, where from the face of the pleading it is amply evident that an action at law will not compensate for injuries sustained, it would be a highly inequitable rule to require a plaintiff to plead a conclusion, after having pleaded the facts from which the conclusion must necessarily be drawn.

In the consideration of this question, it should be remembered that the object sought by the defendant in error in entering into the agreement for the transfer was solely to encourage building in that part of the town, for the purpose of locating there the business section, and enhancing thereby the remainder of her property. The damages she sustained by reason of the default of Mosier, so far as indicated by the record before us were not alone the loss of the property conveyed, an action for the value of which might lie, but the decrease in value to remaining portions of her property, resulting from Mosier's failure to move his business and erect his building, and his removal to another part of the town. Anticipated increase in the value of her property, while entirely proper to be considered by Mrs. Walter, in determining her to enter into the contract she did, is in its nature speculative, and its loss the loss of anticipated profits of a speculative character, not recoverable in an action at law, and yet an injury sustained by Mosier's wrong. Taking the allegations of the petition alone, as the trial court was compelled to do in determining the merits of the demurrer, it cannot be said that an action for the value of the property conveyed was a plain legal remedy by which to obtain adequate compensation for the injuries sustained. The contract in this case was an executory one, and the inability or refusal of the vendee to comply with his executory agreement, as disclosed by the petition, was amply sufficient to give the court equitable jurisdiction, although the specific allegation of a lack of an adequate remedy at law was not made, and this irrespective of any question of fraud. We fully agree with the views of Justice Maxwell, as expressed in *Willard v. Ford,* 16 Nebr. 543, a case parallel to the one at bar:

"It would be a reproach upon the law if a party could secure the title to real estate in consideration in whole or in part, that he would erect certain buildings thereon, and upon receiving a conveyance, refuse to perform his agreement. The law favors good faith and fair dealing. This required the defendant to erect the building in question, according to his agreement, or in case of his failure to do so within a reasonable time, to submit to a cancellation of his deed. In a contract of this kind, the court will look at the entire transaction, and grant or withhold relief as the circumstances of the case may seem to require."

Nor do we think notice of disaffirmance of the contract was necessary to be pleaded, since under the facts in this case no such notice was necessary to be given. Some of the authorities go to the extent of holding that no notice whatever is required to be given, other than the institution of the suit, and all unite in upholding the doctrine that where, in a purchase and sale of real estate, the vendee has so acted as to create the reasonable belief on the part of the vendor that he has forsaken his contract, and no longer considers himself obligated by it, the vendor may rescind without notice to the vendee of his intention to do so. *Herbert v. Stanford,* 12 Ind. 503; *Knappen v. Freeman,* 47 Minn. 90; *Kirby v. Harrison,* 2 Ohio St. 326.

Under the terms of the contract between the parties in this case, Mosier was bound to move his stock to the lots conveyed to him, on or before July 1, 1902, or the contract became null and void. If he desired to acquire full and complete title to the property, which then rested in him merely in form, it was his duty to procure his loan, erect his building, and move his stock of goods, before the expiration of the time specified by the contract, as he had obligated himself

to do, or upon his failure to perform the condition subsequent imposed upon him, to suffer his title to be defeated, and the conveyance to him to become wholly inoperative, and of no effect as a transfer of any interest in the lots conveyed. He was bound by his contract, and bound to know that when the time for performance on his part had expired, no equity existed in his favor, nor any right to insist on notice of disaffirmance of a contract which he himself had disregarded, except in so far as it benefited him. As was well stated in the case of *Kennedy v. Embry,* 72 Tex. 387:

"Where there has been no attempt to perform any part of a contract for the sale of a tract of land, and the time for performance has expired, no equities exist in favor of the vendee, and the vendor may rescind without notice to the vendee of intention to do so. * * * If the vendee has actually abandoned the contract, or has so acted as to create the reasonable belief on the part of the vendor that he has abandoned it, the vendor may rescind, without notice of his intention, notwithstanding part performance by the vendee. When there has been no attempt to perform any part of the contract and the time for performance has expired * * * the vendor may rescind without notice to the vendee of his intention to do so, and convey the land to another. * * *"

And this we think the better rule, and one sustained by the weight of authority. So that, in this case, under the facts pleaded, we cannot say that the trial court erred in holding the petition sufficient, when attacked for this reason.

Nor does the plaintiff in error, the First National Bank of Walter, occupy any better position than its grantor, Mosier, by reason of its deed from him. At the time it attempted to purchase an interest in the property, the suit seeking the cancellation of its grantor's deed had been pending more than

two years, and it will be held to have had constructive and presumptive notice of Mrs. Walter's rights at the time it purchased. Under the facts in this case, as against the plaintiff in error, Mosier, Mrs. Walter is entitled to a decree cancelling the deed from her to Mosier and a reconveyance of the premises, and as against the purchaser, the bank, its purchasing under circumstances reasonably sufficient to apprise it of Mrs. Walter's equities, entitles her to a reconveyance, against it. *Reed v. Burns*, 13 Ohio St. 49.

The remaining errors assigned arise out of the giving of certain instructions, and the refusal of the court below to allow certain special interrogatories to be submitted to the jury. We have carefully examined the instructions in this case, having in mind the propositions contended for by the plaintiffs in error, and cannot see wherein the court erred in giving them. They are as favorable as the defendants below could expect, and correctly state the law governing the case. As to the special questions refused by the court, the first and second asked the jury to find upon a point already admitted by the defendants in their answers, the execution of the written contract, it not having been denied under oath; and moreover, this point was fully covered in the general instructions. The 5th and 8th questions submitted and refused referred to the intentions of Mosier in procuring the loan, and the attempts he made to comply with his contract. All this might have been important to be considered if the court had submitted to the jury the question of fraud, but not having done so, it is immaterial what Mosier's intentions were so long as they were not carried out. The 9th and 10th questions refer to the consideration for the conveyance of the lots by Mrs. Walter, and to the matter of a tender back of

what she received. Inasmuch as the court correctly says in his general instructions that the consideration for the deed was that Mosier should move his stock, no tender was necessary, as there was nothing to tender, and none being required, no questions were necessary to be answered in that regard by the jury. The 11th question asks the jury to find whether or not the representations made by Mosier to procure the deed sooner than the contract called for were made "intentionally, knowingly and fraudulently," but of the refusal of this interrogatory the plaintiffs in error cannot complain, since the jury were instructed that from the evidence submitted no actual fraud could be found as against the plaintiff in error, Mosier.

Moreover, in such a proceeding as the one at bar, the submission or rejection of interrogatories is entirely within the discretion of the court. When clothed with equity jurisdiction, it lies within the power of a court to reject all findings returned by a jury and make such of its own as it sees fit, or it may adopt as its own the answers of the jury, or such portions of them as it may deem proper. In equitable proceedings, a jury is not a matter of right, nor can a party, in such case, require of the court that any questions or interrogatories be submitted to a jury for their determination. A jury, if used at all, sits in merely an advisory capacity, and as such their verdict and findings are to be treated.

From a reading of the entire record, we are convinced that no injustice will be done either of the plaintiffs in error by an affirmance of the judgment of the court below, and that regard for the rights of the defendant in error requires this be done. There being no reversible error in the record, for

the reasons above given, the judgment of the trial court is affirmed.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.