## BLANCHARD v. REED et al.

No. 7118—Opinion Filed Jan. 23, 1917.

Rehearing Denied Nov. 20, 1917.

(168 Pac. 664, 418.)

(Syllabus.)

### 1. Taxation—Tax Deed—Validity.

A tax deed which does not show upon its face the amount for which each tract or parcel of land which it purports to convey was sold is for that reason void.

### 2. Ejectment—Title—Recovery.

In an action in the nature of an action in ejectment, the plaintiff may recover without having all the title, either legal or equitable, or without having a title paramount to all others. It is only necessary that he have some kind of an estate in the property in controversy, either legal or equitable, and that this interest shall be paramount to any right to the same possessed by the defendant, although the legal title to the property may be outstanding in some third person.

(Syllabus by Edwards, C.)

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by Milton G. Reed against Effie D. Witte, J. L. Blanchard, and P. J. Loewen. Judgment for plaintiff, and defendant Blanchard brings error. Affirmed.

Titus & Talbot, for plaintiff in error.

Geo. W. Partridge and W. E. Wiles, for defendants in error.

Opinion by EDWARDS, C. This was an action in ejectment and to quiet title instituted by Milton G. Reed, in the district court of Alfalfa county, against Effie D. Witte, P. J. Loewen, and J. L. Blanchard. The parties will be referred to as plaintiff and defendant according to their position in the lower court.

The plaintiff alleges that he is the legal and equitable owner and in the peaceable possession of the said real estate, and further alleges that the defendant Loewen claims title by virtue of a tax title, and that the said Blanchard claims an interest by reason of a conveyance from said Loewen under said tax title, and that the defendant Effie D. Witte claims some interest by reason of quitclaim deed from J. F. Witte; that the said tax title is wholly void, and that the said Effie D. Witte has no right or interest in said real estate.

The defendant Effie D. Witte filed a disclaimer, and defendant P. J. Loewen made default. The defendant J. L. Blanchard filed a general denial and a cross-petition setting up his interest under the tax title and conveyance from P. J. Loewen, and alleging that one year had elapsed since the recording of the tax deed, and that the cause of action alleged by plaintiff is barred by the statute of limitations, and prays that he be adjudged to have the sole right in fee simple of said real estate.

The plaintiff, by way of reply, alleges the invalidity of the tax proceedings, and, further, that the grantor of the said Blanchard had not been in the possession of said real estate within one year after the recording of the tax deed.

The record discloses that plaintiff, the owner of the real estate involved, in 1910, entered into an oral contract with J. P. Witte, the son-in-law of plaintiff, by which he sold said real estate to Witte with the oral understanding that in case said Witte did not pay for same it was to be turned back to plaintiff, and that plaintiff would deliver back to the said Witte the notes given as evidence of the purchase price, and that the contract would be thereby rescinded. The deed made by plaintiff to Witte was by the said Witte placed in the bank and never placed of record. Witte went into the possession of said real estate and resided there until February, 1914, when he removed therefrom and from the state of Oklahoma, but left upon said premises certain items of personal property. The notes given in evidence of the purchase price at that time were past due and unpaid. Soon thereafter it appears that the defendant Blanchard by agent, had intruded upon said real estate and taken possession thereof, and had possession at the time of the trial.

In 1912 J. F. Witte conveyed the said real estate to his wife, Effie D. Witte, and said deed was recorded in the year 1913. Subsequent to the filing of this action, and after she had filed her disclaimer therein, said Effie D. Witte executed a quitclaim deed to said real estate to the plaintiff herein.

The taxes for the year 1909 not having been paid, the treasurer of Alfalfa county, in 1910, sold said real estate for taxes and executed separate tax sale certificates for the six lots involved to P. J. Loewen, said certificates being identical in form and substance except the description of the real estate described in each respectively. In 1913 a tax deed issued to said P. J. Loewen based upon said certificates. At the conclusion of plaintiff's evidence, defendant rested and demurred to plaintiff's evidence, which was overruled and judgment rendered for plaintiff. The defendant Blanchard appeals.

The contention of the plaintiff is that the sale of the property to J. F. Witte was conditional and executory; that the property not having been paid for the said Witte was the tenant in possession, and that the delivery back of the notes to Witte, and the delivery back of the deed by Witte to plaintiff was a complete rescission of the said contract vesting the equitable title in the plaintiff, and that the subsequent delivery of the quitclaim deed by Effie D. Witte was merely for the purpose of clearing the record title of the apparent interest of Effie D. Witte from the conveyance of J. F. Witte to her, and that the plaintiff had sufficient title to maintain the action.

The contention of the defendant is that the execution and delivery of the deed by plaintiff to J. F. Witte was a completed

transaction and conveyed to the said Witte all the right and title of the plaintiff, and that no title could reinvest in plaintiff except by conveyance from the Wittes, and that plaintiff was not the legal nor equitable owner of the real estate involved at the time of filing his suit, and for that reason could not maintain the action.

To begin with, the tax deed under which the defendant claims is wholly void for several reasons, one only of which it will be necessary to mention. That is the tax deed covers six lots sold separately, with different certificates of purchase issued for each of them. The deed does not show on its face the price for which each lot sold, which defect renders the deed void. Keller v. Hawk, 19 Okla. 407, 91 Pac. 778; Eldridge v. Robertson, 19 Okla. 165, 92 Pac. 156; Kramer v. Smith, 23 Okla. 381, 100 Pac. 532.

The tax deed being void, the recording of the same would not set in motion the statute of limitations, and the deed from Loewen, grantee named in the tax deed to Blanchard, would pass no right nor title, and the taking of possession of said real estate by Blanchard, under such conveyance, would avail nothing. He would simply be a trespasser. But even in this situation, the plaintiff cannot recover unless he had such title or equitable interest in the real estate as will entitle him to maintain the action.

The plaintiff and J. F. Witte undoubtedly had the right to contract for the sale of the real estate conditioned that title should not pass until the same had been paid for, and no one might complain of such contract unless they had acquired some right in the real estate involved; and as between the parties to such contract their intentions and purpose at the time of making the contract would control, and if acted upon and carried out by the parties would effectively reinvest the plaintiff with an equitable interest in and to the real estate involved.

In the case of Willard v. Ford, 16 Neb. 543, 20 N. W. 859, the court held:

"It would be a reproach upon the law if a party could secure the title to real estate in consideration, in whole or in part, that he would erect certain buildings thereon, and upon receiving a conveyance, refuse to perform his agreement. The law favors good faith and fair dealing. These required the defendant to erect the building in question, according to his agreement, or, in case of his failure to do so within a reasonable time, submit to a cancellation of his deed. In a contract of this kind, the court will

look at the entire transaction, and grant or withhold relief as the circumstances of the case may seem to require."

This case was cited with approval in the case of Mosier et al. v. Walter, 17 Okla. 305, 87 Pac. 877, and by analogy may be made to apply to the facts in the case at bar. See, also, Rankin v. Dean, 157 Ala. 490, 47 South. 1015; Caldwell v. Fraim, 32 Tex. 310; Emery v. Dana, 76 N. H. 483, 84 Atl. 976; Brannan v. Mesick, 10 Cal. 95; Talbert v. Hopper, 42 Cal. 397; Haviland v. Haviland, 130 Iowa, 611, 105 N. W. 354, 5 L. R. A. (N. S.) 281; Littlejohn v. R. R. Co., 219 Ill. 584, 76 N. E. 840; 13 Cyc. 696.

As between a vendor and vendee, under the conditions existing between plaintiff and Witte, upon failure of Witte to perform his contract he became a tenant in possession, and his possession was subordinate to that of the plaintiff. Jennings' v. Brown, 20 Okla. 294, 94 Pac. 557; Rev. Laws 1910, § 3783.

The plaintiff, in order to recover, must do so of course upon the strength of his own title. But in cases of this kind it is not necessary that plaintiff's title be legal, it may be equitable merely. It is not essential that he have all the title. It is only essential that he have some kind of an estate in the property sought to be recovered, either legal or equitable, which is paramount to the interest, or claimed interest, of the defendants. The case of Wilson v. Bombeck et al., 38 Okla. 498, 134 Pac. 382, is in point. That action was an action to quiet title, but the principles there cited are applicable in this case. In that action, in the third syllabus, the court held:

"In this state the plaintiff in such an action is not required to have the legal title, or all the title, or a title paramount to the title of all others, in order to enable him to recover. It is only necessary that he shall have some kind of an estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant. Actions of this class are equitable in their nature, and the rights of the parties must be governed by the rules pertaining to suits in equity."

See, also, 32 Cyc. 1328.

The principle here announced by our court is also applicable in an action in ejectment. The Supreme Court of Kansas, in Duffy v. Rafferty, 15 Kan. 9, held:

"In an action in the nature of an action of ejectment, in Kansas, the plaintiff may recover, if he has any right to the property,

and if the right is paramount to any right to the same possessed by the defendant, although the legal title to the property may be outstanding in some third person, and although some third person may have a better right to the property than the plaintiff."

And the same court, in the case of Riggs v. Anderson, 47 Kan. 66, 27 Pac. 112, held:

"In an action for the recovery of real estate, where the plaintiff claimed title under a certificate issued by a town-site company, duly assigned, showing that the holder was entitled to a good and sufficient warranty deed, as soon as such company should receive the title to the town site, and such town-site company obtained the title through the probate judge, but never made a deed to the assignee of such certificate, and the corporation expired by limitation, and the defendant claimed under tax deeds which were void; and the fact was that he had been in possession of the premises and made lasting and valuable improvements thereon, more than one year before suit was brought; Held, that the plaintiff's title was paramount to that of the defendant, and that he was entitled to recover as the equitable owner of such real estate."

Upon the consideration of the entire record, we are of the opinion that the judgment of the trial court was proper, and the same should be affirmed.

By the Court: It is so ordered.

Concurring Opinion.—Filed Dec. 24, 1917.

THACKER, J. I concur in the conclusion reached in this case, but I think the rule of law, announced without qualification in the opinion, to the effect that a void tax deed, or a tax deed that is void upon its face, will not cause the statute of limitations (section 24, c. 38, art. 9, p. 616, Laws of 1909, the same being section 7419, Rev. Laws 1910) to run in favor of the purchaser, is in conflict with the rule of law, announced without qualification in an earlier case (Dodson v. Middleton, 38 Okla. 763, 135 Pac. 368, citing O'Keefe v. Behrens, 73 Kan. 469, 85 Pac. 555, 8 L. R. A. [N. S.] 354, 9 Ann. Cas. 867), that a void recorded guardian's deed accompanied by the adverse possession of the purchaser is sufficient to bring into operation the second subdivision of section 3888, Stats. 1893 (section 4655, Rev. Laws 1910.)

As shown by Dodson v. Middleton, supra, and authorities therein cited, such statutes are intended to quiet titles and to protect purchasers of real estate claiming the same under deeds made in cases of sale on execution (first subdivision of section 3888, Stats. 1893, the same being section 4655, Rev. Laws 1910), under deeds made in cases of sale by an executor, administrator, or guardian (second subdivision of same section), and under deeds made in case of a sale for taxes (third subdivision of the same section), against actions for the recovery of such real property, and (in case of a sale for taxes to which reference is made in section 24, c. 38, art. 9, p. 616, Laws of 1909, the same being section 7419, Rev. Laws 1910) against actions for the possession of such real property, assuming that this section of the Laws of 1909 is sufficiently free from ambiguity to be valid; and if the operation of these statutes be denied, except in cases where the deed is valid, or, if not, is merely voidable, and not void upon the face of the same, their usefulness toward the accomplishment of the purpose evidently intended by the Legislature will be in a large measure destroyed.

The three subdivisions of section 3888, Stats. 1893 (section 4655, Rev. Laws 1910), above cited, clearly refer to cases in which a party who has not sues another who has the real property, or some element of the same, under claim of title by virtue of such recorded deed, while the above-cited section of the Laws of 1909 as clearly refers to cases in which a party who has not sues another who has the possession of real property under claim of title by virtue of such recorded deed; and I think, to avoid appallingly unjust effects and consequences which cannot be imputed to legislative intent, these statutes should be construed to refer alone to cases in which the party suing is chargeable with knowledge of such adverse claims for the full period of the applicable statutory provision, as, for example, where the party sued has for such period been in the unequivocal and open adverse possession under claim of title by virtue only of such recorded deed. I think that, where the purchaser, who is sued for the property or the possession thereof, has been in unequivocal and open adverse possession under claim of title by virtue of such deed for such period, such possession and claim, being imputable to the knowledge of the party suing, is sufficient to supply the want of validity of any character in the deed. On the other hand, I think a void deed, predicated upon proceedings insufficient to show that the former owner had actual knowledge of the same, or negativing such knowledge, and not accompanied by such adverse possession and claim, should

not cause the running of such statutes of limitation.

I think the case of Dodson v. Middleton and the instant case, as well as many conflicting cases cited in the editorial note to the O'Keefe Case, can be reconciled by the application of this rule as a common ground upon which they may stand, but I think all these conflicting cases should be governed by the same rule. As I understand the facts in the instant case, it does not appear that the original owner is chargeable with knowledge of such adverse possession under such claim of right for such period of time; and I do not think the void deed in the instant case is sufficient to cause the running of the statute of limitation against the owner.

The views herein expressed are not intended to apply to any case in which they may be inconsistent with the federal laws and policy in respect to lands allotted to Indians.

Mr. Justice RAINEY authorizes me to say that he concurs in these views.