[S. F. No. 1591. Department One.—November 24, 1900.]

THOMAS BAIR, Respondent, v. WARREN WATKINS et al., Appellants.

FORECLOSURE OF MORTGAGE—APPEAL BY CLAIMANT OF INTEREST IN LAND—NOTICE—FAILURE TO SERVE MORTGAGOR—DISMISSAL.—Upon appeal by the claimants of an undivided interest in mortgaged land, alleged to be not subject to the mortgage, from a decree adjudging the mortgage a lien thereupon and foreclosing it upon the entire premises, and providing for the docketing of a judgment against the mortgagor for any deficiency, the mortgagor has an interest adverse to the appellants, which would be injuriously affected by a modification or reversal of the judgment, and must be served with the notice of appeal. Upon failure to serve him therewith, the appeal must be dismissed for want of jurisdiction to entertain it.

APPEAL from a judgment of the Superior Court of Humboldt County.   G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

J. H. G. Weaver, for Appellants.

S. M. Buck, for Respondent.

HARRISON, J.—The plaintiff seeks by this action the foreclosure of a mortgage upon certain real estate executed by Rose Ann Watkins. The appellants herein were made parties defendant to the action, under the allegation that they claimed to have some interest in the land described in the mortgage, and that their interests, if any they have, are subject to the lien of the mortgage. The mortgagor suffered default, and the appellants answered the complaint admitting that they claimed an interest in the land described in the mortgage, but denying that the same was subsequent to or subject to its lien, and they also filed a cross-complaint setting forth their claim of ownership to an undivided one-half of said land, and asking judgment that the mortgage lien of the plaintiff be decreed to be a lien upon only an undivided half of said land. Upon the trial the court made findings of fact to the effect that the mortgagor

was the sole owner of the land at the date of the mortgage, and that the other defendants had no interest therein. Judgment was thereupon rendered in favor of the plaintiff, foreclosing the lien of his mortgage as prayed for by him. From this judgment the defendants, other than the mortgagor, have appealed.

The respondent contends that the appellants are not entitled to be heard, and that their appeal must be dismissed for the reason that their notice of appeal was not served upon the mortgagor, and that, as she would be injuriously affected by any modification or reversal of the judgment, this court is without jurisdiction to act upon the appeal without her presence before it. We are of the opinion that this contention must be sustained.

The judgment declares that the amount found due to the plaintiff from the mortgagor—three thousand three hundred and forty-one dollars and fifty-one cents—is a valid lien upon the mortgaged land, and directs that the land be sold, and that the proceeds of said sale be applied toward the payment of the sums so found due, and that if said proceeds are insufficient to pay the same, judgment for the deficiency shall be docketed against the mortgagor, and that the plaintiff may have execution therefor. It is manifest, therefore, that if the contention of the appellants that the lien of the mortgage should be limited to an undivided half of the land should prevail, and the judgment be modified accordingly, the mortgagor would be injuriously affected thereby. By the judgment, as it now stands, the proceeds of a sale of the entire land are to be applied to the satisfaction of the mortgage lien before a judgment for any deficiency can be docketed against her, whereas, if the appeal therefrom should be sustained, she would be liable for whatever deficiency there might be after applying the proceeds of a sale of one-half of the land. The appellants cannot be permitted to cast this burden upon her without giving her an opportunity to resist their claim, and they, therefore, should have made her a party to the appeal. Not having done so, the court is without jurisdiction to entertain their appeal. (*Harper v. Hildreth*, 99 Cal. 265; *Pacific Mut. Life Ins. Co. v. Fisher*, 106 Cal. 224; *Barnhart v. Edwards*, 111 Cal. 428.) The proposition

of the appellants that, inasmuch as the court has found that the mortgagor is personally liable for the full amount due to the plaintiff, she would not be injuriously affected by such modification of the judgment, is unsound. Her personal liability cannot be enforced until after a sale of the mortgaged land, and it will be increased by the difference between the proceeds of a sale of the whole of the land and a sale of an undivided half thereof. There is no presumption that the land will sell for any greater sum than the amount of the judgment. If it should sell for the amount of the plaintiff's lien there would be no personal liability to enforce, whereas if only one-half of it can be sold her personal liability might be proportionately increased.

The appeal is dismissed.

Garoutte, J., and Van Dyke, J., concurred.