ISAAC LOWENSTEIN V. PERRY SEXTON.

(Filed February 14, 1907.)

1. TAX DEED—When Void. A tax deed which does not show upon its face the amount for which the tract or parcel of land which it purports to convey was sold, is for that reason void.

2. LIMITATION—Statute of. The statute of limitations contained in sec. 5668, Stat. of 1893, has no application to an action to quiet title, because it is not an action to recover possession of the premises.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*James L. Brown,* for plaintiff in error.

*Selwyn Douglas, J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for defendant in error.

STATEMENT OF FACTS.

On the 3rd day of November, 1890, defendant in error, Perry Sexton, procured a deed to lot No. 21, in block 35 in Oklahoma City, Oklahoma county, Territory of Oklahoma,

from the duly appointed, qualified and acting trustees of the townsite of said Oklahoma City, and has ever since been the owner of said lot, holding the original government title thereto, as shown by the said trustees deed, which was filed for record on the day of its issue, to-wit: Nov. 3, 1890. Soon after procuring the title to said lot Sexton removed from the territory and up to about the time of the trial of this cause had not been a resident of this territory.

The taxes on said lot for the year 1893, not having been paid, on September 3, 1894, the lot was sold for said tax of 1893. No redemption from said tax sale was made and on December 17th, 1896, a tax deed to said lot, embracing also several other lots in said city not contiguous to said lot or to each other, was issued by the county treasurer of said county to Isaac Lowenstein, the plaintiff in error, he being then the holder of the several certificates to said lots.

The said tax deed, so far as the same is material in this case, is in the following words:

"Whereas, Isaac Lowenstein did, on the 13th day of October, 1896, produce to the undersigned, Jno. E. Carson, treasurer of the county of Oklahoma, in the Territory of Oklahoma, six certificates of purchase in writing bearing date of the 3rd day of September, 1894, signed by J. M. Brogan, who at the last mentioned date was treasurer of said county, from which it appears that Isaac Lowenstein did on the 3rd day of September, 1894, purchase at public auction at the office of the county treasurer, in said county, the tracts, parcels or lots of land lastly in this indenture described, and which lots were sold to Isaac Lowenstein for the sum of one hundred thirty-three and 75-100 dollars, being the amount due on the following tracts or lots of land returned delin-

quent for non-payment of taxes, costs and charges for the year 1893, to-wit: Lots numbered 19-20-21 in block number 35 in Oklahoma City, O. T., and the following described parcels of land located in south Oklahoma addition to Oklahoma City, to-wit: The north 60 feet by 100 feet of lots numbered 29-30-31 & 32 in block number 22, and lots numbered 19 and 32 in block number 9."

This deed was filed for record on December 17th, 1896. Very soon after receiving this tax deed the plaintiff in error erected a fence around the lot in controversy and built a sidewalk along the front and has since renewed both the fence and sidewalk and done some filling in on the lot. No building has ever been erected upon the lot and it has not been otherwise occupied or possessed. At the date of trial there was no fence around the lot, and only the brick sidewalk in front remained to evidence the acts of ownership by plaintiff in error.

On November 23, 1901, Lowenstein commenced an action in the district court of Oklahoma county against Perry Sexton and his unknown heirs, *to quiet title to said lots.* In that action service was obtained by publication, and on May 8th, 1903, had a decree of said court quieting his title to said lot.

At the following term of said court and on November 25th, 1903, Perry Sexton (the only defendant named in said action) filed and served notice of his application to set aside the said judgment obtained against him by default and to be let in to defend said cause, which application was by the court granted, and defendant having filed his answer in said cause and the issues therein being fully made up the cause

was set for trial on November 2, 1904. Thereafter on the 16th of November, 1904, the cause came regularly on for trial before the court without a jury, and at its conclusion the defendant demurred to the evidence offered on the part of the plaintiff, which demurrer was by the court sustained. Judgment was rendered for the defendant setting aside plaintiff's tax deed, and quieting the title to said lot in the defendant, to all of which plaintiff excepted. Motion for new trial was duly filed and overruled, to which plaintiff also excepted From the judgment so rendered and the order overruling plaintiff's motion for new trial the cause comes to this court by case made.

Opinion of the court by

GILLETTE, J.: Two propositions are presented for determination here:

First, is the tax deed of plaintiff void upon its face?

Second, does the statute of limitations protect the plaintiff in his title notwithstanding defects in the deed?

The deed conveyed six (6) separate parcels of land which were not contiguous and recited that they were sold to plaintiff, Lowenstein, for the sum of $133.78, on the 3rd day of September, 1894 at the office of the county treasurer.

The lot in question was sold for $43.63, which fact is not recited in the deed, but is shown by evidence produced upon the trial. It is urged that it was necessary to the validity of the deed to this lot that the amount for which it was sold should have been recited therein. The statute governing the execution of tax deeds, section 5657, statute of 1893, provides that the tax deed shall be substantially in the form which

is set forth in that section, and which form provides that the sum for which the property was sold should be set out. It was not substantially in that form if it failed to set out the amount for which the property was sold. The tax deed under consideration does not do this, but does set out the total sum for which the six several tracts described in the deed were sold.

The language of the statute is mandatory in its terms and tenor, and has not been complied with in this respect, so far as the. lot in question is concerned as shown by the face of the deed.

This court in *Weeks v. Murkle,* 6 Ok. 714, uses the following language:

"We find that the tax deed, upon its face, by its terms, purports to convey property not contiguous, which was jointly sold for taxes. Such fact, so found. is sufficient to invalidate the deed."

It is here then determined that a material fact to the validity of a tax deed found to be wanting upon the face of the deed, is sufficient to invalidate it. In other words, the deed must be sufficient upon its face to convey a title, or no title is conveyed.

By a tax deed the property of a citizen is conveyed for a consideration that moves to the public and not to the owner of the property, and it may therefore be said to be a taking of private property for public use, which can only be done, in all cases, by a strict compliance with the law authorizing it.

There is no contract and there are no equities as in cases between individuals, which may be brought forward

to aid the court in determining the equities between the parties, and by the aid of which to determine the rights of either, and to order a reformation of the instrument of conveyance to conform to such rights.

A strict compliance with the law alone, divests the citizen of his property for public use, and where, as in this case, the statute prescribes the substantial form of an instrument by which property shall be conveyed, it cannot be conveyed by an instrument which does not recite the existence of the facts required. Nor can we go behind the deed to prove the existence of facts which should have been set forth in it.

The liberal construction with regard to tax proceedings required by sec. 5667 of the statute, does not go to the extent of authorizing or directing the court to read a necessary provision which has been omitted therefrom by the official executing it, because such fact may be or has been proven to exist, and by so doing declare a deed to be valid which does not conform to the requirements of the statute.

A liberal construction would, we think, require the court to declare an instrument valid where words are used declaring facts to exist which are equivalents to the statutory requirements.

But in this case a compliance with the provisions of the statute which requires a tax deed to set forth the amount for which the property was sold, is entirely wanting, and there is, therefore, no room for a liberal construction to sustain the validity of the instrument. The deed does not recite the separate considerations paid for six separate and distinct tracts, of which the lot in question was one, and upon the

trial counsel for plaintiff offered evidence to show that this lot was sold for a sum less than the total consideration named, but this is not sufficient. The deed should have recited what this property sold for.

We hold, therefore, that it is a material requirement to a valid tax deed that it should set forth, as required by the statute, the amount for which the property conveyed was sold and that the deed in question was wanting in this necessary requirement and was, therefore, void.

Counsel for plaintiff in error urge that the rights of the defendant in error as set forth in his answer to the plaintiff's petition, were barred by the statute of limitations, which answer among other things set forth the invalidity of the tax deed as herein determined, and for the reasons herein stated. The deed being void was a nullity and there was therefore nothing to start the statute of limitations to run.

As stated by Judge Horton in *Waterson v. DeVoe,* 18 Kans. 233:

"When the deed discloses upon its face that it is illegal, when it discloses upon its face that it was executed in violation of law, the law will not assist it. No statute of limitations can be brought to aid its validity.

"The party accepting it and claiming under it has full notice of its illegality and must abide the consequences of such illegality."

See also upon the same subject *Halls Heirs v. Dodge,* 18 Kans. 277.

This was an action to quiet title to the premises in question, in the plaintiff under his tax deed, which being void upon its face justified the defendant in bringing that fact

to the notice of the court by his answer, regardless of the provisions of the statute limiting the time in which an action might be brought to test the validity of a tax deed.

Such a deed is not in fact a cloud upon the title and the court could not upon the facts disclosed quiet the title in the plaintiff, and was justified in entering judgment cancelling the same.

Finding no error in the record the judgment of the court below is affirmed.

Burwell, J., who presided in the court below, not sitting; Burford, C. J., and Irwin, J., dissenting; all the other Justices concurring.