## KRAMER v. SMITH *et al.*

No. 2172, Okla. T.    Opinion Filed March 9, 1909.

(100 Pac. 532.)

1. **TAXATION—Sale—Purchase by County—Recitals in Deed.** Where the recitals in the tax deed show a sale to the county and a deed obtained by virtue of a sale to the county, the deed must contain recitals to show the right of the county to purchase at such tax sales; and, if the recitals of the tax deed show the county to be a competitive bidder at said tax sale, such recitals render the tax deed void.

2. **SAME—Tax Deeds—Recitals—Consideration.** A tax deed, which does not show upon its face the amount for which each tract or parcel of land which it purports to convey was sold, is for that reason void.

(Syllabus by the Court.)

*Error from District Court, Cleveland County; C. F. Irwin, Judge.*

Ejectment by Neal Smith and another against Elizabeth Kramer, executrix of the estate of C. Kramer, deceased. Judgment for plaintiffs, and defendant brings error. Affirmed.

*C. L. Botsford,* for plaintiff in error.

*J. W. Hocker,* for defendants in error, cited *Wade v. Crouch et al.,* 14 Okla. 593; *Hanenkratt v. Hamil,* 10 Okla. 219; *Lowenstein v. Sexton,* 18 Okla. 322; *Weeks v. Merkle,* 6 Okla. 714.

KANE, C. J. This was an action in ejectment, brought by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below, to recover certain lots situated in the town of Lexington, in Cleveland county, Okla. The petition was in the usual form. The defendant filed answer denying the allegations of the petition, and specially denying that the plaintiffs were the owners of said lots. Upon the trial of the cause the plaintiffs introduced a deed from the town-site trustees conveying title to them, and rested. The defendant, to maintain the issues on his behalf, offered in evidence two tax deeds; the first dated the 21st day of February, 1900, purporting to convey said real estate to E. J. Keller, upon a tax certificate issued to Cleveland county, and afterwards assigned to said Keller, and the second, dated the 13th day of February, 1902, purporting to convey said lots, together with several other lots in the same block, to Jen. T. Keller, through whom defendant claimed to have derived his title. The court refused to admit the first deed in evidence, upon the ground that it showed on its face a sale to Cleveland county, without showing there were no competitive bidders; the court holding that the county can buy property sold for taxes only when there are no other bidders. The defendant then introduced in evidence a tax deed dated the 13th day of February, 1902. To this deed the plaintiffs objected for the reason that it showed upon its face the sale of more than one tract of land for a gross sum, and that it did not show that the lots were sold separately or for separate sums. In rebuttal plaintiffs introduced in evidence the tax certificate upon which the last deed was based, for the purpose of proving that these lots, to wit, lots 12, 13, and 14 in block 58, were sold to the said Keller at the same time as those mentioned in the tax deed, and that the same were not contiguous to those described in the tax deed, and that they were all sold in bulk and

for a gross sum. There was judgment for the plaintiffs, and the defendant took the case to this court by petition of error for review.

The first tax deed offered in evidence showed upon its face that the lots sold for delinquent taxes were purchased by the county, and does not show affirmatively that the conditions existed upon which the county could lawfully become a purchaser. There is nothing in the deed that shows or tends to show, that the lots could not have been sold to some other party for the same price, provided the treasurer had not made his bid or offer. A deed identical with this one was held to be void upon its face in *Wade v. Crouch et al.*, 14 Okla. 593, 78 Pac. 91. Mr. Justice Hainer, who delivered the opinion of the court, in discussing this proposition, says:

"The tax deed shows on its face that the lot in question was purchased at public auction by the county treasurer, for the amount of the taxes, interest, penalties, and costs then due and remaining unpaid. There is nothing in the deed that shows, or tends to show, that the land could not have been sold to some other party for the same price, provided the treasurer had not made his bid or offer. In *Hanenkratt v. Hamil*, 10 Okla. 219, 61 Pac. 1050, the court, in passing upon this identical question, said: 'We take the law to be well settled, where the recitals in the tax deed show a sale to the county and a deed obtained by virtue of a sale to the county, that the deed must contain recitals to show the right of the county to purchase at such tax sales; that, if the recitals of the tax deed show the county to be a competitive bidder at said tax sale, such recitals render the tax deed void.' It follows that the tax deed issued by the treasurer of Oklahoma county to Ebey was void."

The second tax deed contains the following recital:

"Whereas, Jen. T. Keller did, on the 13th day of February, A. D. 1902, produce to the undersigned, J. W. Stow, treasurer of the county of Cleveland, in the territory of Oklahoma, a certificate of purchase, in writing, bearing date of the 20th day of November, 1899, signed by J. W. Stow, who at the last-mentioned date was treasurer of said county, from it appears that Jen. T. Keller did, on the 20th day of November, 1899, purchase at pub-

lic auction, at the treasurer's office, in said county, the tracts, par-
cels, or lots of land lastly in this indenture described, and which
lots were sold to Jen. T. Keller for the sum of eight and 21/100
dollars, being the amount due on the following tracts or lots of
land, returned delinquent, for nonpayment of taxes, costs and
charges for this year 1898, to wit."

Then follows a description of some 16 lots, among which are
included the lots in controversy, and following the description of
each lot are certain sums and figures, above which are the words,
"Taxes," "Penalty," "Treas. Cost," "Adv. cost," "Sale ctf.," and
"Total."

This deed seems to have been drafted in substantial conform-
ity with the tax deed in *Lowenstein v. Sexton,* 18 Okla. 322, 90
Pac 410. The recital in the Lowenstein Case, *supra,* reads as
follows:

"Whereas, Isaac Lowenstein did, on the 13th day of October,
1896, produce to the undersigned, Jno. E. Carson, treasurer of
the county of Oklahoma, in the territory of Oklahoma, six certi-
ficates of purchase in writing bearing date of the 3d day of Sep-
tember, 1894, signed by J. M. Brogan, who at the last-mentioned
date was treasurer of said county, from which it appears that Isaac
Lowenstein did on the 3d day of September, 1894, purchase at
public auction at the office of the county treasurer, in said county,
the tracts, parcels or lots of land lastly in this indenture described
and which lots were sold to Isaac Lowenstein for the sum of one
hundred thirty-three and 75/100 dollars, being the amount due
on the following tracts or lots of land returned delinquent for
nonpayment of taxes, costs and charges for the year 1893, to wit."

Then follows a description of the lots included in the con-
veyance. It was argued in that case, as in this, that the tax deed
of plaintiff was void upon its face: Mr. Justice Gillette, who de-
livered the opinion of the court, in discussing this proposition,
says:

"It is urged that it is necessary to the validity of the deed to
this lot that the amount for which it was sold should have been
recited therein. The statute governing the execution of tax deeds,
section 5657, St. 1893, provides that the tax deed shall be sub-
stantially in the form which is set forth in that section, and which
form provides that the sum for which the property was sold should

be set out. It was not substantially in that form if it failed to set out the amount for which the property was sold. The tax deed under consideration does not do this, but does set out the total sum for which the six several tracts described in the deed were sold. The language of the statute is mandatory in its terms and tenor, and has not been complied with in this respect, so far as the lot in question is concerned, as shown by the face of the deed."

The first paragraph of the syllabus to the above case reads as follows:

"A tax deed, which does not show upon its face the amount for which the tract or parcel of land which it purports to convey was sold, is for that reason void."

Counsel for plaintiff in error contends for a liberal construction of this statute relating to tax deeds, insisting that such a construction is required by section 5667 of the Statutes of 1893. Upon this proposition Justice Gillette says:

"The liberal construction with regard to tax proceedings required by section 5667 of the statute does not go to the extent of authorizing or directing the court to read a necessary provision which has been omitted therefrom by the official executing it, because such fact may be or has been proven to exist, and by so doing declare a deed to be valid which does not conform to the requirements of the statute. A liberal construction would, we think, require the court to declare an instrument valid where words are used declaring facts to exist which are equivalents to the statutory requirements."

And further, on the same subject, Justice Gillette says:

"A strict compliance with the law alone divests the citizen of his property for public use, and where, as in this case, the statute prescribes the substantial form of an instrument by which property shall be conveyed, it cannot be conveyed by an instrument which does not recite the existence of the facts required. Nor can we go behind the deed to prove the existence of facts which should have been set forth in it."

We think the foregoing cases fully cover the points raised by counsel for plaintiff in error. To our mind they state the law correctly and are therefore controlling in the case at bar.

The judgment of the court below is affirmed.

All the Justices concur.