## SPALDING v. HILL.

No. 4182.    Opinion Filed June 15, 1915.

(149 Pac. 1133.)

**TAXATION—Void Tax—Title Acquired—Judgment—Quieting Title.** A tax deed void on its face vests in plaintiff no interest in the title to the land therein described, and, as plaintiff must prevail on the strength of his own title, a judgment clearing his title thereto is void.

(Syllabus by the Court.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by Lucretia Hill against H. M. Spalding. Judgment for plaintiff, and defendant brings error. Reversed.

*Rush & Smith,* for plaintiff in error.

*F. E. Chappell,* for defendant in error.

PER CURIAM. This is an action to clear title to lots numbered 6 to 24, inclusive, in block 76, and lots 1, 2, 3, 4, 6, and 7, in block 75, all in North Enid. Although plaintiff alleged herself to be the owner and in possession of the lots for ten years last past, the evidence disclosed her possession to be adverse for that time under a tax deed conceded to be void on its face. The object of the suit was to cancel a deed from the owner of the fee, made, executed, and delivered to defendant, Spalding, while out of possession, in violation of our champerty statute (Rev. Laws 1910, sec. 2260). The court canceled the deed as prayed, and defendant brings the case here. The court erred.

In *Clark v. Holmes,* 31 Okla. 164, 120 Pac. 642, Ann. Cas. 1913D, 385, we said:

"A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title to such real estate."

Plaintiff's tax deed gave her no interest in the title sought to. be cleared. *Mason et al. v. Gates et al.*, 82 Ark. 294, 102 S. W. 190, was an action to clear title. The tax deed was not void on its face, but nevertheless the court held:

"An action to quiet title cannot be maintained upon a void tax deed, since plaintiff must succeed upon the strength of his own title."

*Lewis v. Clements*, 21 Okla. 167, 95 Pac. 769, was an action to clear title by the cancellation of a deed, as here. and the court refused so to do, on the ground that plaintiff had no interest in the title sought to be cleared.

As it is not contended that plaintiff had any interest in the title by virtue of her adverse possession under Rev. Laws 1910, sec. 4655, the judgment of the trial court is reversed.