## MILLER v. NOBLE.

No. 6629—Opinion Filed April 25, 1916.
Rehearing Denied May 23, 1916.
(157 Pac. 740.)

**1. Taxation—Tax Deeds—Validity.**

A tax deed that shows upon its face that the property sought to be conveyed was in separate parcels, and not contiguous, and was sold en masse for a lump sum, is void.

**2. Same—Correction of Deed.**

An officer who executes an imperfect or irregular tax deed, the recitals of which do not conform to the prior proceedings, may execute a second deed to conform to the truth.

**3. Same.**

Where the first tax deed conforms to the prior tax sale, regardless of whether the prior sale was void or valid, the officer executing such first deed thereby exhausts his authority, and has no power or authority to issue a second deed, the recitals of which falsify the prior acts and records.

**4. Same—Effect as Evidence.**

A recital in a tax deed is presumptive evidence only, and may be contradicted by competent evidence.

(Syllabus by Day, C.)

Error from District Court, Carter County; S. H. Russell, Judge.

Action by J. M. Miller against Eva Noble. Judgment for defendant, and plaintiff brings error. Affirmed.

Sigler & Howard, for plaintiff in error.

Thomas Norman, for defendant in-error.

Opinion by DAY, C. Plaintiff in error, J. M. Miller, plaintiff below, instituted this action in the trial court against Eva Noble, defendant in error, defendant below, in ejectment. It appears from the record that the property in question, consisting of 49 lots situated in different blocks and separated by streets and alleys, was sold at a tax sale to

plaintiff on November 22, 1909. The county treasurer on the same day issued to Miller a certificate of purchase, and on November 23, 1911, issued to him a tax deed. Both certificate and deed disclosed that the property was sold in bulk for a lump sum.

Certain mortgagees had obtained against the owner of said property a judgment of foreclosure which was affirmed in this court on November 14, 1911. An order of sale was issued out of the lower court against said property, and the sheriff of Carter county was proceeding to sell same, when the plaintiff, Miller, on January 18, 1912, instituted an injunction suit against the sheriff based on his tax deed to restrain the sale. The mortgage judgment plaintiffs intervened, and they and the sheriff successfully contested said action, and on January 29, 1912, final judgment was rendered against Miller canceling his tax deed. Thereafter, on the same day, Miller, without apprising him of the action of the court, induced the county treasurer to execute to him another tax deed reciting that the property had been sold separately, which deed was filed for record on the same day and is the basis of the action in the instant case.

The defendant, Eva Noble, was the successful bidder at the sheriff's sale upon said foreclosure judgment, and on June 26, 1912, received from the sheriff his deed, and in a few days thereafter Miller was ousted from the possession of said property by the sheriff and Eva Noble placed in possession thereof.

A jury being waived, the cause was on January 24, 1914, tried to the court, and resulted in judgment for the defendant, from which plaintiff prosecutes this appeal. There are several questions presented in this appeal, but it is necessary to consider only two of them for its proper determination. Plaintiff contends: First, that the first deed being void, the county treasurer then had power to issue a valid deed; and, second, that the recitals of a tax deed cannot be contradicted.

The original tax certificate of purchase was introduced in evidence at the trial, and this certificate shows that the property was in separate parcels, and not contiguous, and was sold en masse for a lump sum, and the first deed was issued in conformity with said certificate. Upon authority of Kramer v. Smith et al., 23 Okla. 381, 100 Pac. 532, this deed was correctly held void.

The first tax deed was neither irregular nor imperfect in so far as it recited that the lots were sold en masse for a lump sum. It seems to be the universal rule that an officer who executes an imperfect or irregular tax

deed, the recitals of which do not conform to the prior proceedings, may execute a second deed to conform to the truth; and the converse is also true; that is, that where the first tax deed conforms to the prior tax sale, regardless of whether the prior sale was void or valid, the officer executing such first deed thereby exhausts his authority, and has no power of authority to issue a second deed, the recitals of which falsify the prior acts and records. Kellar v. Hawk, 19 Okla. 407, 91 Pac. 778; Gould v. Thompson, 45 Iowa, 450; Hewitt & Rounds v. Storch, 31 Kan. 488, 2 Pac. 556; Chatfield v. Iowa Land Co., 88 Ark. 395, 114 S. W. 473.

We therefore conclude that the tax deed relied upon by plaintiff to sustain his action was wholly void and without any force or effect.

The probative force of the recitals in a tax deed is regulated by statute (Rev. Laws 1910, sec. 7416). This statute makes the recitals presumptive evidence only, and, of course, they may be contradicted by competent evidence. 37 Cyc. 1461.

Finding no error, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.