## ADAMS v. TOLIVER et al.

No. 11378—Opinion Filed June 26, 1923.

1. **Appeal and Error—Court Rules—Failure to File Briefs.**

Where the plaintiff in error has filed his brief, as required by rule 7 of this court, and such brief complies with all requirements of rule 26 of this court, and the defendant in error has failed to file brief within said time provided by rule 7, and has requested no extension of time, nor assigned any reason for his failure to file briefs, this court is not required to search the record and case-made to find some theory upon which to sustain the judgment of the court below.

2. **Evidence—Deeds—Description of Land.**

Where a deed offered in evidence does not describe the land with sufficient accuracy to identify it with the property involved in the action, it is error for the court to admit such deed in evidence.

3. **Same—Invalidity of Tax Deed—Right to Prove in Mortgage Foreclosure.**

Section 7389, Revised Laws of Oklahoma 1910, provides: "It shall be the duty of the county treasurer on or before December 15th to notify by mail, postage prepaid, each taxpayer whose name appears on the record the amount of his taxes, and when the same shall become due and delinquent," and it was error for the court to exclude proof that this statute had not been complied with prior to the tax sale herein involved.

4. **Taxation—Requisites of Tax Deed—Invalidity.**

Section 1, ch. 47, Session Laws of 1915, amending section 7412 of the Revised Laws of Oklahoma 1910, with reference to tax deeds, provides in part: "Such deed shall be executed in conformity with section 7418, Revised Laws of Oklahoma 1910, and shall contain, in addition to the recitals required by such section, a summary recital of the proceeding in the matter of the sale provided for in this article," and these provisions of the statute are mandatory and when not complied with strictly, a deed attempting to transfer title is a nullity and void.

(Syllabus by Ruth C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by A. D. Adams against C. J. Toliver et al. for foreclosure of mortgage on real estate. From judgment for defendant Portwood, plaintiff brings error. Reversed and remanded.

H. M. Adams, for plaintiff in error.

Opinion by RUTH, C. This was an action originally brought in the district court of Logan county, by A. D. Adams, plaintiff, against C. J. Toliver, Beula Toliver, and Lenora Portwood, defendants, praying for foreclosure of a mortgage on lots 13 and 14 in block 79, in that part of the city of Guthrie known as Capitol Hill, in Logan county, Okla.

The plaintiff in his petition alleges that on December 15, 1913, at Guthrie, Okla., the defendants C. J. Toliver and Beula Toliver, for value received, executed and delivered to the plaintiff their promissory note for the principal sum of $52.50, due 30 days after date, with interest at 10 per cent. per annum, and attached a copy of note to their petition.

Plaintiff further states that at the same time and place and for the purpose of securing payment of said note, last said defendants executed and delivered to the plaintiff their written mortgage, thereby granting, selling and conveying to the plaintiff lots 13 and 14, in block 79, in that part of the city of Guthrie known as Capitol Hill, which mortgage was duly recorded in Book 49 of Mortgages, page 163, in the office of the county clerk of said county, and attached said mortgage to their petition as Exhibit B; that the said note and mortgage provided for an attorney's fee of $25.00 upon the filing of suit in case of default, and that the condition of the mortgage was broken, in that the debt secured had not been paid, and the insurance had not been kept up on the premises as therein provided, and the taxes had not been paid.

Plaintiff further states that the defendant Portwood claims some right, title, or interest in and to said premises, and therefore makes the said Portwood a party defendant, and the plaintiff tenders taxes and costs that may be due last said defendant, if any. Plaintiff thereupon prays judgment that the defendant Portwood's claim of any right and title be adjudged inferior and subject to the plaintiff's mortgage interest aforesaid, and prays judgment against the defendants C. J. Toliver and Beula Toliver in the principal

sum of $57.65, with interest at ten per cent. per annum from the 15th day of January, 1914, and for $25 attorney's fees and costs, and for further judgment foreclosing the lien of the plaintiff upon the aforesaid premises and forever barring defendants, or any of them, from asserting or setting up any interest, estate or title thereto.

The defendants C. J. Toliver and Beula Toliver wholly made default, and the defendant Lenora Portwood filed her demurrer, which was by the court overruled. and on the 24th day of March, 1919, the defendant Portwood filed her separate answer, wherein she sets forth that she is the owner of, entitled to and in actual possession of the said lots in the block set up in the plaintiff's petition, and further states that she acquired the said property by deed made the 12th day of February, 1918, signed by F. W. Wolfe, county treasurer, which was duly recorded in Book 57, page 62. To the answer of the defendant Portwood, the plaintiff, Adams, on the 2nd day of June, 1919, filed his reply, and upon the issues so found trial was had.

The cause thereafter came on for hearing on the 4th day of June, 1919, in the district court of Logan County, and the jury having been waived by both parties, the cause was tried to the court, and the judgment of the court being for the defendant, quieting her title in the said lands, the plaintiff brings the cause to this court upon petition in error and case-made.

The plaintiff in error in due time filed his brief in this court, as provided under rule 7, and rule 26 of this court, and the defendant has wholly failed to file brief as required by rule 7, and has given no excuse or reason for failure to file the same, and upon failure of defendant in error to file brief or to assign some reason for such failure, this court is not required to examine the case-made for the purpose of sustaining the theory of the defendant in error and the judgment of the court below. Shapleigh Hdw. Co. v. Pritchard, 25 Okla. 808, 108 Pac. 360; School District No. 39 of Pottawatomie County v. Shelton, 26 Okla. 229, 109 Pac. 67; Butler v. Stinson, 26 Okla 216, 108 Pac. 1103; Ellis v. Outer, 25 Okla. 469, 106 Pac. 957; Reeves & Co. v. Brennan, 25 Okla. 544, 106 Pac. 959; Buckner v. Oklahoma Nat. Bank, 25 Okla. 472, 106 Pac. 959.

At the trial of this cause, the plaintiff introduced his note and mortgage in evidence, there being no objection thereto, which note was purported to have been made on the 15th day of December, 1913,

and the note introduced by the plaintiff shows execution as of the same date, towit, December 15, 1913, and the said mortgage was duly recorded on the 18th day of January, 1918, and thereupon the plaintiff rests. There was no question raised or suggestion made that the defendants, C. J. Toliver and Beula Toliver were not the owners of the property involved at the time of the execution of the note and mortgage, and after the plaintiff rested, after introducing the note and mortgage without objection, the defendant Portwood offered in evidence two certain deeds, and no other evidence was offered by the defendant save and except the two deeds heretofore mentioned. To the introduction of these deeds in evidence, the plaintiff objected, and upon objection being overruled and the deeds admitted in evidence, the plaintiff saved his exception, and the only question for this court to determine is whether or not the court erred in admitting the defendant Portwood's deeds in evidence, for if the deeds were improperly admitted and are excluded from the evidence, the defendant is wholly denuded of any evidence whatsoever. The defendant Portwood nowhere in the answer attempts to set up the facts that the alleged deeds were tax deeds, and the deeds upon their face show that both of them were executed on the 12th day of February, 1918, and both deeds, conveying identically the same land, were signed by F. W. Wolfe, county treasurer, and the second deed was filed for record the 15th day of February, 1918. The first deed introduced by the defendant was in the following words and figures, to wit:

"County Treasurer's Deed."

"This Indenture, made this 12th day of February, in the year A. D. 1918, between F. W. Wolfe, county treasurer, of the first part, and Lenora Portwood, of the second part.

"Witnesseth. That the said party of the first part, in consideration of the sum of One and no 100 ($1.00) Dollars, to him duly paid, the receipt whereof is hereby acknowledged, does hereby grant, bargain, sell and convey unto the said party of the second part, his heirs and assigns forever, all right, title, interest and estate, both at law and in equity, of, in, and to the following described real estate situated in the county of Logan and state of Oklahoma, towit:

"Lots 13 and 14 and in block 79 in that part of the city known as Capitol Hill.

"Together with all and singular and hereditaments and appurtenances thereunto belonging. To have and to hold the above granted premises unto the said party of the second part, his heirs and assigns forever.

"In Testimony Whereof, the said F. W. Wolfe, county treasurer of the said county of Logan, has hereunto set his hand and official seal on the day and year aforesaid.

"F. W. Wolfe,
"County Treasurer.
"Attest:
"Seal."

And it shows the acknowledgment in the usual form.

The second deed introduced by the defendant, and being all the evidence introduced by the defendant, is in identically the same words and figures, save and except the consideration in the second deed is recited as $98.00 and the description of the property is simply changed by inserting the words "City of Guthrie," omitted from the first deed. Both of these deeds, it will be observed, were executed subsequent to the execution of the note and mortgage introduced by the plaintiff, and the recordation of the plaintiff's mortgage. The first deed introduced wholly failed to describe the property as being in the town of Guthrie, or any other town in Logan county, or any subdivision of any township, section, or quarter section of land within Logan county, and we fail to understand upon what theory the court admitted this deed in evidence for any purpose. The second deed made on the same day, by and between the same parties and in identically the same words and figures, except as noted above in this opinion, supplied the words "City of Guthrie," but this deed was made and recorded subsequent to the execution of the note and mortgage and the recordation of same, and it was evidently made the same day as the recordation date, and was perhaps made as a correction deed showing that the property was in the city of Guthrie, but we cannot conceive upon what theory this deed, or either deed, was admitted in evidence, but if this court were in the habit of indulging in speculation, we might be inclined to believe the court permitted their introduction on the theory that they were tax deeds, because the words "County Treasurer" appear after the name of the grantor, F. W. Wolfe, as the court finds in the journal entry of judgment "that the defendant has been in possession of the land under and by virtue of a tax deed, which would ap-

pear regular on its face." As there is no allegation or suggestion in the defendant's answer that she holds by virtue of the tax deed, and as there is nothing on the face of the deeds to indicate that they were intended as tax deeds and no offer of proof that they were so intended, there is no conceivable theory upon which the said deeds could be admitted in evidence.

Section 7389, Rev. Laws 1910, being the law in force at the time of the execution of the deeds, to wit, February 12, 1918, provides, among other things:

"It shall be the duty of the county treasurer on or before December 15th, to notify by mail, postage prepaid, each taxpayer whose name appears on his record of the amount of his taxes and when same shall become due and payable."

And this court has held:

"Where such notice has not been given, a tax deed, which includes the penalty for delinquency with the taxes due, although otherwise regularly issued, is unauthorized and ineffectual." Williams v. McGill et al., 69 Okla. 60, 169 Pac. 1064; Miller, County Treas., v. State en rel. Standard Savings & Loan Assn, 70 Oklahoma, 173 Pac. 67.

In Davenport, et al. v. Doyle, 57 Okla. 341, 157 Pac. 110, this court says:

"Failure to give notice of the sale of real property prescribed by the statute is fatal to the validity of the sale thereof for delinquent taxes."

If such notice had been alleged and an offer had been made to prove that the property had been sold for delinquent taxes, under the authorities heretofore cited, the deeds would have been invalid and void, as an examination of the deeds offered by the defendant and admitted in evidence over the objection of the plaintiff shows they were invalid and could not convey title as tax deeds, as they did not in any manner conform to the statutory requirements.

Section 7418, Revised Laws of 1910, prescribes the form of a tax deed, which form it is unnecessary to set forth in this opinion.

Section 1, ch. 47, Session Laws of 1915, page 55, being an amendment to section 7412, Revised Laws of 1910, with relation to tax deeds, provides in part:

"Such deeds shall be executed in conformity with section 7418 (Rev. Laws 1910), and shall contain in addition to the recitals required by such section, a summary

recital of the proceedings in the matter of the sale provided for in this article."

The deeds offered by the defendant and admitted by the court in no manner conformed to section 7418, nor to section 7412, as amended by chapter 477, Session Laws of 1915, and this court has held:

"In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory." Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666; Wilson v. McCormack, 10 Okla. 180, 61 Pac. 1068; Sanford v. Edwards, 49 Mont. 56, 47 Pac. 212, 61 Am. St. Rep. 482, and authorities therein cited; Harris v. Sargeant, 37 Ore. 41, 60 Pac. 608; French v. Ajax Oil & Development Co., 44 Wash. 305, 87 Pac. 359.

In view of the statute herein recited and the decisions, even though the court elected to consider them as tax deeds, their nonconformity to the statutory requirements was apparent on their face, and a tax deed void on its face vests in the party claiming under them no interest in the title to the land therein described, and as she must prevail on the strength of her own title, a judgment clearing her title is therefore void. Spalding v. Hill, 47 Okla. 621, 149 Pac. 1133.

"A tax deed which does not show upon its face the amount for which the tract or parcel of land which it purports to convey, was sold, is for that reason void." Eldridge v. Robertson et al., 19 Okla. 165, 92 Pac. 156; Kramer v. Smith et al., 23 Okla. 381, 100 Pac. 532.

We can find no theory upon which the admission of the two deeds offered in evidence by the defendant can be based, and to admit them in evidence was manifestly error; and as there was no other evidence offered by the defendant, save and except the two deeds herein referred to, this cause is reversed and remanded to the district court of Logan county for new trial in conformity with this opinion. Reversed and remanded.

By the Court: It is ordered.