## CLEWELL v. COTTLE.

No. 13250—Opinion Filed April 29, 1924.

**1. Taxation—Tax Deed—Invalidity.**

A tax deed which does not show upon its face the amount for which each tract or parcel of land which it purports to convey was sold, is for that reason void.

**2. Quieting Title—Burden of Proof—Title of Plaintiff.**

The plaintiff in an action to quiet title

to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless plaintiff has the title, it is immaterial to him what title defendant claims.

### 3. Same—Void Tax Deed—Judgment not Sustained.

A tax deed void on its face vests in plaintiff no interest in the title to the land therein described, and, as plaintiff must prevail on the strength of his own title, a judgment clearing his title thereto is void.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Blaine County; Frank Mathews, Assigned Judge.

Action by Travis Cottle against A. G. Clewell, to cancel a tax deed. Judgment for plaintiff and defendant appeals. Reversed.

I. H. Lookabaugh, for plaintiff in error.

Ben Smith, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Blaine county, Okla., by Travis Cottle, defendant in error, plaintiff below, against A. G. Clewell, plaintiff in error, defendant below, to cancel and remove as a cloud upon his title a certain tax deed to lot ten (10), in block four (4), in the town of Watonga, Okla., executed to the plaintiff in error by the county treasurer of Blaine county, on the 8th day of December, 1919.

The parties will hereinafter be referred to as they appeared in the court below.

The plaintiff alleged that he was the owner in fee simple and in the actual, quiet, peaceable, open, and notorious possession of the property in controversy; alleged that the tax deed issued to the defendant was void for certain reasons; pleaded a tender of the taxes, interest, penalty, and costs to the treasurer, subsequent to the execution of said deed, which tender was refused, and asked for a receiver to take charge of the property and rent it during the pendency of the action, presumably upon the theory that the defendant was interfering in some manner with his possession and use of said property.

The answer of the defendant was a general denial, and further specifically pleaded that the plaintiff was without any title, legal or equitable, in said premises for the reason that his claim of title was based upon a tax deed issued by the county treasurer of Blaine county, on the 4th day of June, 1909, to George A. McArthur, which was void upon its face, and set up title in himself through a quitclaim deed executed to him by Grace E. Snow on the 22nd day of January, 1920, who it was alleged derived her title from the original townsite trustee of the town of Watonga.

A jury was waived and the cause was tried to the court, which entered a general judgment in favor of the plaintiff. Motion for a new trial was filed and overruled, and the defendant brings the cause regularly on appeal to this court upon petition in error and case-made.

The only specification of error relied upon by the defendant for a reversal is, that the judgment and decision of the trial court was not sustained by sufficient evidence and was contrary to law.

There is no material conflict in the evidence. The particular infirmity in the deed of December 8, 1919, which would render it void and inoperative to pass the title, is not pointed out in the brief of the plaintiff. It would seem, however, that the defendant placed little reliance upon this deed in view of the fact that he appeared to base his claim of title in his answer upon the deed executed in 1920 from Grace E. Snow. The Snow deed, however, as against plaintiff, appears to be void and inoperative as a conveyance of the title because executed in violation of section 1678, Comp. Stat. 1921.

But in our view of the case, it is immaterial what may be the nature of the title under which the defendant claims. The plaintiff must recover, if at all, upon the strength of his own title, and not upon a weakness in the title of the defendant.

In the case of Clark v. Duncanson, 79 Okla. 180, 192 Pac 806; it is said in the second paragraph of the syllabus:

'The plaintiff in an action to quiet title to land must allege and prove that he is the owner of either the legal title or the complete equitable title. Unless plaintiff has the title, it is immaterial to him what title defendant claims."

See, also, Spalding v. Hill, 47 Okla. 621, 149 Pac. 1133.

The undisputed facts as disclosed by the record are, that on the 4th day of June, 1909, John L. French, as county treasurer of Blaine county, executed a tax deed to George A. McArthur based upon a resale had by such treasurer on the 2nd day of June, 1909, which was void upon its face for the reason that four town lots in Watonga, two town lots in Okeene City, four town lots in Geary, four town lots in Salton, and two town lots in Eagle City were all sold in bulk for the

lump sum of $399.90, without showing upon the face of the deed the amount for which each parcel of land was sold. That such a deed is void upon its face is no longer an open question in this state. See Blanchard v. Reed et al., 67 Okla. 137, 168 Pac. 418; Kramer v. Smith et al., 23 Okla. 381, 100 Pac. 532; Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410; Weeks v. Merkle, 6 Okla. 714, 52 Pac. 929; Eldridge v. Robertson et al., 19 Okla. 165, 92 Pac. 156; Miller v. Noble, 59 Okla. 29, 157 Pac. 740.

The evidence further discloses that the grantee in said tax deed, George A. McArthur, later executed a mortgage upon the land purchased at said tax sale, which was thereafter foreclosed and purchased by the plaintiff at the foreclosure sale in the year of 1915. It therefore appears that the sheriff's deed introduced in evidence by the plaintiff, and upon which he rested his claim of title, was based upon the void tax deed issued by the county treasurer of Blaine county to George A. McArthur on the 4th day of June, 1909. There was, therefore, an entire absence of any title, either legal or equitable, in the plaintiff at the time he commenced his action to cancel the tax deed held by the defendant and to remove the same as a cloud upon his title. The deed being void upon its face the recording of the same would not set in motion the statute of limitations, and the possession taken by McArthur and his successor in title, the plaintiff in this case, could ripen into no sort of title, legal or equitable, which could form the basis of an action to quiet title. See Blanchard v. Reed et al., supra; Gulager v. Coon, 93 Okla. 62, 218 Pac. 701; Union Savings Ass'n v. Cummins et al., 78 Okla. 265, 190 Pac. 869; Holt v. Spicer, 65 Okla. 17, 162 Pac. 686.

We do not wish to be understood as holding that the defendant is entitled to any relief at the hands of this court in the circumstances disclosed by the record. But the defendant filed no cross-petition, asking for affirmative relief, and a reversal of this case for the reason that the plaintiff has failed to show any title, either legal or equitable, in himself can do no violence to the rule that equity will refuse aid to those with unclean hands.

It follows that the judgment of the trial court should be reversed, with directions to dismiss plaintiff's petition.

By the Court: It is so ordered.