## SIRES v. PARRIOTT et al.

No. 14014—Opinion Filed Jan. 20, 1925.

Rehearing Denied Feb. 24, 1925.

**1. Taxation—Invalidity of Tax Deed—Lack of Recitals.**

A resale tax deed which does not show, upon its face, the amount for which the tract or parcel of land which it purports to convey was sold is, for that reason, void.

**2. Same—Different Tracts in Same Deed.**

While a number of parcels or tracts of land sold for taxes to the same individual may be included in one tax deed, the deed must, on its face, show affirmatively that the different tracts were sold separately, and also the amount for which each tract was sold.

**3. Same—Sale Out of Time.**

A sale of land for delinquent taxes at a time not authorized by statute is void, and a tax deed based thereon is a nullity.

**4. Same—Action to Set Aside Deed—Title of Plaintiff.**

In an action to set aside a tax deed the plaintiff may recover without having all the title, either legal or equitable, or without having a title paramount to all others. It is only necessary that he have some kind of an estate in the property in controversy, either legal or equitable, and that this interest shall be paramount to any right to the same possessed by the defendant.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by F. B. Parriott and I. B. Myers against G. T. Sires. From judgment in favor of plaintiffs, defendant brings error. Affirmed.

G. R. Horner, for plaintiff in error.

A. G. Cochran and Cochran & Ellison, for defendants in error.

Opinion by PINKHAM, C. This case involves the question of the validity of a resale tax deed.

The action was instituted by the defendants in error, F. B. Parriott and I. B. Myers, as plaintiffs, against G. T. Sires, plaintiff in error, as defendant.

The parties will be referred to as they appeared in the trial court.

The plaintiffs sought to cancel a certain resale tax deed issued by the county treasurer of Okmulgee county and to have the proceedings upon which said resale tax deed was based declared void.

The petition of plaintiffs, filed on May 23, 1921, recites that a resale tax deed was issued to one Sam Viersen on the 5th day of December, 1919, by the treasurer of Okmulgee county, covering the southeast quarter of the northeast quarter of section 28, township 15 north, range 14 east, Okmulgee county, Okla., and that the land described belongs to the plaintiffs, and that they are in possession of the same.

The petition further shows that the resale tax deed was recorded in the office of the county clerk of Okmulgee county on the 13th day of January, 1920. The petition further shows that Sam Viersen conveyed by quitclaim deed the property in controversy to the defendant, G. T. Sires, on September 18, 1920.

The defendant demurred to the petition of plaintiffs challenging the jurisdiction of the court to the cause for the reason that the statute of limitation provided for in chapter 130, Sess. Laws 1919 (sec. 9746, Comp. Stat. 1921), had run, which demurrer was overruled and exceptions saved.

Defendant thereupon filed his answer, in which he admits the execution and recording of the several deeds referred to in plaintiffs' petition, and admitted that the sale was made to Sam Viersen by the county treasurer, but denies that the plaintiffs were the owners or in possession of the land in controversy at the time the suit was instituted.

Defendant for further defense again set up the six months bar to a suit to avoid or set aside such deed under the provisions of chapter 130, Sess. Laws 1919 (sec. 9746, Comp. Stat. 1921), and prayed that title be quieted in him.

At the close of the evidence the defendant requested the court to make certain findings of fact. In response to such requests the court found, among other facts, that the deed in question is void for the reason that the same contains two descriptions, and does not give the price for which each tract was sold; that the tax deed does not show that the sale was continued from day to day and until the sale of the premises in controversy, which were sold on November 29, 1919; that the tax deed is void for the reason that the sale was made on the 29th day of November, 1919; that the action to cancel, vacate, and set aside the tax deed of that date was brought more than six months after said deed was filed for record with the county clerk of Okmulgee county, Okla.; that G. T. Sires and Sam Viersen were not cotenants, but that G. T. Sires and James Lee were cotenants with plaintiff in this action at the date of the resale in 1919.

The court concluded, as a matter of law, that the tax deed in controversy should be canceled.

Thereafter the court rendered judgment that the said resale tax deed and tax sale proceedings conveying the southeast quarter of the northeast quarter of section 28, township 15 north, range 14 east "be and the same are hereby canceled and annulled and declared to be void and of no effect."

It was the further judgment of the court that the defendant, Sires, is entitled to reimbursement from the plaintiffs on account of taxes paid in the sum of $336.05, the same to be paid and refunded to the defendant by the plaintiffs. The first assignment of error discussed in defendant's brief is that the court erred in finding that the tax deed was void, and in canceling same for that reason; and in failing to find whether it was void on its face, although so requested, and in refusing to find that the plaintiffs' action was barred by the statute of limitations.

The facts in the case, as disclosed by the record, are substantially as follows: The southeast quarter of the northeast quarter of section 28, township 15 north, range 14 east, Okmulgee county, Okla., was a part of the allotment of one Fred Salsbury, a Creek freedman, the title to which said land was by mesne conveyances transferred to the plaintiffs, F. B. Parriott and I. B. Myers, they being the common source through which the parties to this action claim; that I. B. Myers conveyed an undivided three-fourths interest in and to the surface of said land to one James Lee; that thereafter James Lee conveyed his undivid-

ed three-fourths interest in and to this land to the defendant, G. T. Sires; that on the 29th day of November, 1919, the county treasurer of Okmulgee county offered said land, together with other noncontiguous land at resale and sold all of said land on September 18, 1920, to one Sam Viersen for the total sum of $456.61, and that thereafter Sam Viersen made, executed and delivered his quitclaim deed to the defendant, G. T. Sires, to the land in question; the southeast quarter of the northeast quarter of section 28, township 15 north, range 14 east.

The decisive question for determination is whether the tax deed in question is void on its face. The resale tax deed was introduced in evidence and is incorporated in the record before us, and from its inspection it clearly appears that two separate and noncontiguous parcels of land are included therein, to wit, the southeast quarter of the northeast quarter of section 28, township 15 north, range 14 east; and the northeast quarter of the southeast quarter of section 13, township 13 north, range 11 east, in the county of Okmulgee, state of Oklahoma; and that these two separate tracts of land were sold to the same individual for the total sum of $456.61, but the deed does not show the different tracts were sold separately, and does not show the amount for which each tract was sold.

The rule that while a number of lots or tracts of land sold for taxes to the same individual may be included in one tax deed (sec. 9746, Comp. Stat. 1921), the deed must on its face show affirmatively that the different parcels of land were sold separately, and also the amount for which each lot or parcel of land was sold, is too well settled by the decisions of this court to be now questioned. Weeks v. Merkle, 6 Okla. 714, 52 Pac. 929; Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410; Eldridge v. Robertson, 19 Okla. 165, 92 Pac. 156; Keller v. Hawk, 19 Okla. 407, 91 Pac. 778; Kramer v. Smith et al., 23 Okla. 381, 100 Pac. 532; Miller v. Noble, 59 Okla. 29, 157 Pac. 740; Blanchard v. Reed et al., 67 Okla. 137, 168 Pac. 664; Thurman et al. v. Ingram, 83 Okla. 198, 202 Pac. 993; Dixon v. Bowlegs, 93 Okla. 47, 219 Pac. 665; Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 870; Clewell v. Cottle, 99 Okla. 84, 225 Pac. 946.

It is equally well established by the decisions of this court that a tax deed void upon its face is not sufficient to set the statute of limitations in operation against an action upon the deed. Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652.

The court found, and the resale tax deed shows upon its face, that it is based upon a sale of land for delinquent taxes made at a time not authorized by statute.

The statute, chapter 130, Sess. Laws 1919 (sec. 9744, Comp. Stat. 1921), which was in effect at the time of this resale, provided that sales made under the act shall be held on the fourth Monday in November of each year in each county.

The resale tax deed in question shows upon its face that the resale was made on the 29th day of November, which was not the fourth Monday in November, 1919, and fails to show that the sale was commenced on November 24, which was the fourth Monday in November, 1919, and continued from day to day.

In Ledegar v. Bockoven, 77 Okla. 58, 185 Pac. 1097, it is said in the opinion that it is the duty of the county treasurer to commence the sale at the time required by law, but he may adjourn the sale from day to day between the same hours until the sale is completed.

"A tax sale of land made at a time other than the time provided by law is void; and a tax deed based thereon is a nullity." Perry v. Snyder, 75 Okla. 24, 181 Pac. 147.

It is contended by defendant, in his brief, that the judgment is erroneous because the court failed to cancel the deed from the purchaser at the resale to the defendant.

We think it sufficient to say that the only rights acquired by the defendant which are inconsistent with the rights claimed by the plaintiffs are such as were acquired by the defendant from the purchaser at the tax resale.

We conclude that the resale tax deed, being void, as found by the court, and being void upon its face, as we find from an examination of a copy of the same found in the record, the defendant can base no rights upon the void resale tax deed in question.

Defendant says in his brief:

"The evidence on behalf of the plaintiffs shows that the plaintiff, I. B. Myers, prior thereto, deeded his three-fourths interest in this land to James Lee on October 18, 1919, by a general warranty deed"

—and refers to the page of the record where a copy of the deed is shown.

An inspection of the deed referred to discloses that the grantor reserves and retains all oil and gas and all mineral of whatsoever kind there may be in or under or upon said land.

The record also shows that at the time the deed referred to was executed the plaintiff, Myers, was the owner of three-fourths of the title to said land, the remaining one-fourth thereof being owned by F. B. Parriott, the other plaintiff herein.

The said deed referred to by the defendant only had the effect of conveying to him such interest as I. B. Myers had, subject, however, to his reservation of the oil, gas, and minerals, which left the property owned as follows, after the execution and delivery of the deed pointed out: The plaintiff, Parriott, an undivided one-fourth interest; the plaintiff, Myers, an undivided three-fourths interest in the oil, gas, and mineral rights; and James Lee, an undivided three-fourths interest in the surface.

The deed from James Lee to the defendant, Sires, only conveys three-fourths of the surface of the land in question, which interest plaintiffs admit is owned by the defendant and concerning which there is no controversy; the deed from Sam Viersen, the purchaser at the resale, to the defendant only conveys such interest as he acquired under the resale tax deed. The court having found said tax deed void and canceled and annulled the same, we think it clear that no right was acquired thereunder by the defendant greater than that of his grantor.

In the case of Blanchard v. Reed, supra, which was an equitable action to set aside a tax deed, the court said:

"The plaintiff, in order to recover, must do so, of course, upon the strength of his own title. But in cases of this kind it is not necessary that plaintiff's title be legal; it may be equitable merely. It is not essential that he have all the title. It is only essential that he have some kind of an estate in the property sought to be recovered, either legal or equitable, which is paramount to the interest or claimed interest of the defendants."

The record discloses that the plaintiff, Myers, is the owner of the legal and equitable title to the oil, gas, and mineral rights in the land in question, and that the plaintiff, Parriott, is the owner of the legal and equitable title to an undivided one-fourth interest in the fee to this land.

The evidence in this case shows that the value of the property involved is about $6,000, and that the defendant paid $325, as a consideration for a quitclaim deed from the purchaser at the resale. The court rendered a judgment against the plaintiffs for said consideration.

Upon an examination of the entire case, we think the judgment of the trial court is correct, and should be affirmed.

By the Court: It is so ordered.